## PATTON et al. *vs.* CROW.

1. The common-law distinction stated, between a devise of lands to executors to sell, and a devise that the executors shall sell the lands.

2. Under the statutes of this State, where the testator does not devise his real estate *to* his executors, nor *to* any other person, and does not dispose by his will of the rents and profits accruing after his death, his executors, if they have not exercised the power of sale conferred on them by the will, and if the estate is solvent, may maintain any action for the recovery of the lands which the administrator of a solvent estate might maintain for the lands of his intestate.

3. A misjoinder of plaintiffs in an action of trespass *quare clausum fregit* will defeat a recovery; but there is no such misjoinder when the executors of a deceased tenant in common join with the surviving tenant.

APPEAL from the Circuit Court of Lauderdale.

Tried before the Hon. GEO. D. SHORTRIDGE.

TRESPASS QUARE CLAUSUM FREGIT by Robert M. Patton and James Caruthers and Henry D. Mason, as executors of Henry Smith, deceased, against Isaac N. Crow, "as well to try titles, as to recover possession of the east half of fractional section

seven, township three, range eight, situate and being in Lauderdale county." The only plea was, "not guilty, in short by consent." The bill of exceptions is in these words:

"Upon the trial of this cause, after the plaintiffs had introduced as evidence to the jury the following will of Henry Smith, (setting it out at length,) upon motion of the defendant's attorneys, the court charged the jury, that the said Caruthers and Mason, as the executors of Henry Smith, had not such an interest in their said testator's real estate, by virtue of said will, as would authorize them to maintain this suit, and there was a misjoinder of the plaintiffs, as the deed under which they derived title was made to the said Patton and Henry Smith, the testator ; to which opinion of the court the plaintiffs excepted, and took a non-suit."

The will of said Henry Smith, as set out in the bill of exceptions, contains this clause : "I desire that my executors shall dispose of all my real and personal property, except such as is hereinafter mentioned, at such time as they may think most to the interest of my estate, and on one, two, and three years' credit, with three good securities and mortgage on the property until final payment be made. Should it be necessary to raise money for the payment of my debts, I desire it to be borrowed until it can be collected from sales of property." The testator then gives several specific legacies, and afterwards follow these clauses : "After carrying into effect the foregoing provisions of this will, I give one half of the remaining portion of my estate to my niece Mary Jane Stoddert and my nephew Henry D. Mason, to be equally divided between them. I also give to Mary Jane Stoddert and Henry D. Mason, in trust for my niece Rebecca Dancy and Joseph D. Mason, the other half of the remainder of my estate, to be equally divided between them."

A deed of trust from John R. Henry and S. S. Henry to Samuel Mosely as trustee, conveying the land in controversy on certain specified trusts, and another deed from Mosely to said Patton and Henry Smith, conveying the land to them by virtue of his power and authority as trustee, are copied into the record ; but no reference is anywhere made to them in the bill of exceptions.

The charge of the court is the only error assigned.

R. W. WALKER, for the appellants :

1. If the deed from Mosely to Smith and Patton is a part of the record, the error of the charge is clear. Joint tenants and parceners must join in ejectment.—1 Chitty Pl. 54, (5th Am. edit.)

2. But if the deed is not a part of the record, still the error of the court is manifest. · Independent of the statute of 1839, (Clay's Dig. p. 199, §· 36,) the will set out in the bill of exceptions gives the executors such an interest in the testator's real estate as would authorize them to maintain ejectment. Lucas v. Price, 4 Ala. 682; Dabney v. Manning, 3 Ohio 321. But without any aid from the will, the effect of the act of 1839 is such that these executors could maintain ejectment. Clay's Dig. p. 199, § 36 ; Golding v. Golding, 24 Ala. 122-9.

3. Where a bill of exceptions states enough to put the court in error, the court, if consistent with the facts, should insert enough to set itself right; and if it fails to do so, no presumption can be indulged in support of the judgment. Davis v. The State, 17 Ala. 415 ; Sewall v. Henry, 6 Ala. 226.

In charging the jury that the executors had not such an interest in their testator's real estate as would enable them to maintain the suit, a manifest error was committed, and it was the duty of the court to insert matter (if consistent with the facts) to set itself right. Failing to do this, it is a case of reversal.

The error of the second branch of the charge is even more obvious. This was that "there was a misjoinder of plaintiffs, as the deed under which they derived title was made to the said Patton and Henry Smith, the testator." The court here states to the jury as a fact, that the deed under which the plaintiffs derived title was made to Patton and Smith, and instructs them, that because the deed *was* so made, there was a misjoinder of plaintiffs. Now taking it to be true, as here affirmed by the court, that the deed *was* made to Patton and Smith, *that*, so far from showing a misjoinder of plaintiffs, establishes that the action was properly brought by these plaintiffs—Patton and Smith's executors.

It is immaterial, therefore, whether the deed from Mosely to Patton and Smith is properly a part of the record, or not. *The court relieved us from the necessity of making it a part of*

*the record, by assuming, and asserting it as a fact, that the deed was made to Patton and Smith.* The charge of the court is embodied in one continuous sentence, but asserting two distinct propositions. If the error of either of the propositions is shown, the court will reverse. There was error in charging that the executors had not such an interest in the testator's real estate as would authorize them to maintain the suit. What facts are set out to correct this error? There was error in charging that "*as* the deed under which plaintiffs derived title *was* made to Patton and Smith, there was a misjoinder of plaintiffs." Thus the record clearly establishes that the court erred, and contains no facts whatever to relieve it from its false position.

Injury is presumed from error unless the record itself rebuts the presumption.—Mims v. Sturdevant, 23 Ala. 664-7; Frierson v. Frierson, 21 Ala. 549; *ib.* 558; Dave v. The State, 22 Ala. 25. When the charge excepted to is *affirmative*, and given by the court of its own motion, or at the instance of the other party, *it is unnecessary to set out the evidence on which the charge is founded.*—Kirksey v. Jones, 7 Ala. 622; Peden v. Moore, 1 S. & P. 71; Ware v. Dudley, 16 Ala. 742.

The distinction is, that if an exception is taken to the *refusal* to charge, the bill of exceptions must embrace enough of the evidence to show that the charge asked was not abstract; but if the charge actually given be excepted to as mistaking the law, no part of the evidence need be stated. Peden v. Moore, 1 S. & P. 71; Tharp v. The State, 15 Ala. 749; Ware v. Dudley, 16 Ala. 742. If an *affirmative* charge is erroneous as a proposition of law, the case must be reversed, as this court will intend that it was not abstract.—Moore v. The State, 18 Ala. 534; Ware v. Dudley, 16 Ala. 742.

The charge given would mislead any jury. It was, in effect, instructing them that the plaintiffs, as executors, had not such an interest in the testator's real estate as would authorize them to bring ejectment, and that because the deed was made to Patton and Smith there was a fatal misjoinder. See Cothran v. Bell, 1 Ala. 423; Eckford v. Wood, 5 *ib.* 136; Sherrod v. Rhodes, 5 *ib.* 84. Besides, in the latter part of the charge the court *assumed* facts, and thereby invaded the province of the jury.—Phillips v. McGraw, 13 Ala. 255.

DAVID P. LEWIS, *contra:*

1. The charge given was abstract, and will not be revised on error. The bill of exceptions fails to set out any evidence that shows the pertinency of the charge to the case before the jury. This court will not revise such a charge on error. Ogburn v. Ogburn, 2 Port. 126 ; Hollinger v. Smith, 4 Ala. 366.

2. But it is submitted, that the charge, construing the bill of exceptions most strongly against the appellants, is correct. It contains two propositions : 1st, " that the said Caruthers and Mason, as the executors of Henry Smith, had not such an interest in their said testator's real estate, by virtue of said will, as authorized them to maintain this suit" ; and, 2d, " that there was a misjoinder of the plaintiffs, as the deed under which they derived title was made to the said Patton and Henry Smith, the testator." The first proposition contained in the charge is the correct construction of the testator's will : the will does not give the executors any such interest as authorizes them to maintain ejectment for their testator's real estate. That power is given them by the statute.—Clay's Digest, p. 199, § 36 ; Golding v. Golding, 24 Ala. 129 ; Harkins v. Pope, 10 *ib.* 493. The proposition is correct, also, in another point of view. The right of the executors to recover real estate of their testator, in ejectment, depends upon their right as executors to the rents and profits of the real estate in controversy.—Golding v. Golding, *supra.* Now, in order to reverse for error in this branch of the charge, the court must presume that the executors were entitled to the rents of the real estate,—that there had been no transfer by the testator of the right to the rents of the real estate in question, and that the estate was solvent. In Golding v. Golding, *supra,* this court presumed that the estate was solvent ; but that presumption was acted upon, not to reverse, but to sustain the action of the primary court.

3. The second proposition of the charge, in the aspect in which the record presents it to the court, is also correct. Why have the appellants suppressed the evidence of the estate of their testator in the land in controversy ? Is it not because its production would show the charge of the court to be correct ? Under these circumstances, this court will in-

dulge all presumptions which are not contradicted by the record to sustain the judgment below.—Morrison v. Morrison, 3 Stew. 444. If necessary to sustain the judgment, this court will presume that the deed to Patton and Smith gave them an estate as trustees, which, by operation of law, survived to Patton alone.

RICE, J.—According to the common law, as it hath been as far back as the reign of Henry VI, if one devise that his executors shall sell his land, and die seized, his heir is in by descent, and consequently the executors have only a power ; but if one devise his land to his executors to sell, then the freehold passes to them by the devise. "This distinction"— namely, between a devise of lands *to executors to sell*, and a devise *that executors shall sell the land*—is mentioned by Justice Doderidge as a "common difference", and it received the sanction of Littleton and Coke and of modern determinations.—Litt. § 169 ; Co. Litt. 113 a, 181 b ; Honnell v. Barnes, Cro. Car. 382 ; Yates v. Compton, 2 P. Williams 308 ; 4 Kent's Com. 320 ; Peck v. Henderson, 7 Yerger's R. 18 ; Jackson v. Schauber, 7 Cowen's R. 187 ; Ferebee v. Proctor, 2 Dev. & Batt. Law Rep. 439.

But in Masterson v. Girard's Heirs, 10 Ala. R. 60, it is correctly said by the court, "we have many statutes, which seem together to constitute a system, and create some important modifications of the common-law incidents of descents. Thus, by a general statute, the real estate of a decedent is made chargeable with his debts ; and by several others, the administrator is invested with the power to proceed in the Orphans' Court, so as to obtain a decree for the sale of the lands, when the personal estate is insufficient to pay debts, or for the purpose of making more equal distribution between the heirs. * * By our statute of descents and distribution, the real and personal estates go to the same person, when the debts are paid." By the act of 1839, (Clay's Dig. 199, § 36,) it is made lawful for administrators and executors to rent, at public outcry, the real estate of any decedent, until a final settlement of said decedent's estate is effected, and the proceeds are made "assets in the hands of such executors or administrators." By the act of 1806 (Clay's Dig. 597, § 7)

all such estate, both real and personal, as is not devised or bequeathed in the last will and testament of any person, shall be distributed in the same manner as the estate of an intestate, and *the executor or executors shall administer the same accordingly.*

The former decisions of this court warrant us in stating, that since the enactment of the several statutes above referred to, the law in this State, upon the subject now under consideration, is as we now proceed to lay it down.

The real estate of a decedent, not devised *to his executors,* nor *to* any other person, descends to his heirs-at-law, who instantly are invested with the title, and may exert it, with all its incidents, until the administrator, by actual suit, or in some other legal mode, indicates his intention to assert the power reposed in him by statute. The title or right of the heirs is subject to the exercise of the statute power. If the estate has not been reported insolvent, the administrator may maintain ejectment, or any other suit which may be necessary and proper to regain the possession of the land. As between the administrator and heirs, the latter are not responsible for rents received, or damages, until the statute power is asserted in some lawful mode; on the principle, that in law they are the owners, and may lawfully expend the usufruct, until advised of the necessity to apply it otherwise. This principle, however, will not exonerate any person, except the heirs and those holding rightfully under them, from responsibility to any extent or for any period, to the administrator, for damages, or rents and profits. If the estate has been reported or declared insolvent, no suit *thereafter commenced* by the administrator, to recover possession of the lands, can be maintained. Masterson v. Girard's Heirs, 10 Ala. R. 60 ; Harkins v. Pope, 10 *ib.* 493 ; Long v. McDougald's Adm'r, 23 *ib.* 413 ; Golding v. Golding, 24 *ib.* 122.

As the will of the testator, shown in this case, does not devise his real estate *to his executors,* nor *to any other person,* and as the rents and profits of said real estate, accruing *since his death,* are not disposed of by the will, and as the estate is solvent, it follows necessarily from what is hereinabove contained, that the executors (who have not yet exercised the power to sell the lands, conferred on them by the will) may

maintain any action for these lands, which the administrator of a solvent estate can maintain for the lands of his intestate.

A misjoinder of plaintiffs, in an action like this, will defeat a recovery.—1 Chitty's Pl. 66; Adams on Ejectment, p. 209, and notes.

But there is no misjoinder of plaintiffs in this case. The executors might well join with the tenant in common of their testator.

The charge of the court below is opposed to the law hereinabove stated, and its judgment is therefore reversed, and the cause remanded.