## BOYNTON *vs.* McEWEN.

[ACTION BY HEIR, AGAINST ADMINISTRATOR OF INSOLVENT ESTATE, FOR RECOVERY OF RENTS.]

1. *Administrator's authority to rent lands.*—Under the provisions of the Code, (§§ 1737, 1751,) the administrator of an insolvent estate

Boynton v. McEwen.

may rent out the lands belonging to the estate, and receive and hold the rents as assets; consequently, the heir cannot maintain an action against him to recover such rents.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. NAT. COOK.

THIS action was brought by the only child and heir-at-law of James A. McEwen, deceased, against Henry B. Boynton, who was the administrator of said decedent; and was commenced on the 14th October, 1858. The object of the suit was, to recover the rents of a certain house and lot in Cahaba, known as the "Burnett house," which the defendant, as administrator *de bonis non*, had rented out, under an order of the probate court, from the 20th August, 1855, until the 1st February, 1858; which rents the defendant had received, and had expended, before the institution of this suit, in the payment of debts and the expenses of administration. The defendant pleaded the general issue, and the cause was tried on issue joined on that plea. It appeared from the evidence adduced on the trial, that James A. McEwen, the decedent, died on the 12th October, 1853, being then the owner of said house and lot; that letters of administration on his estate were granted, on the 12th November, 1853, to William M. Lapsley, who, after reporting the estate insolvent in November, 1854, resigned his administration in July, 1855; and the defendant was appointed administrator *de bonis non* on the 21st July, 1855. The decedent's widow brought an action against the administrator, to recover the rents of the same premises; and, under the rulings of the circuit court, recovered a judgment for the rents received by the defendant within three years after the decedent's death. From this judgment the defendant took an appeal, and the appeal was pending before the supreme court when the trial was had in this case in the circuit court. On the evidence in this case, all of which is set out in the bill of exceptions, the court charged the jury, that the plaintiff was entitled to recover; to which the defendant excepted, and which he now assigns as error.

D. W. Baine, with Geo. W. Gayle, for appellant.
Byrd & Morgan, contra.

A. J. WALKER, C. J.—The defendant, being the
administrator of an insolvent estate, rented out the land
of the estate at public auction, until it was sold under a
mortgage, given by his intestate, and appropriated the
money received for rent to the discharge of the debts and
expenses of administration. The heir sues in this case to
recover the rent so collected and paid over; and we de-
cide that the action cannot be maintained.

The Code, in section 1737, devotes the whole property
of the decedent, with the exceptions specified in section
1738, to the payment of his debts; and, in section 1751,
authorizes the representative to rent the lands of the de-
ceased at public auction, and declares the proceeds of the
renting to be assets of the estate. The authority to rent
is not here confined to solvent estates; and there is
nothing whatever in the Code, from which such restriction
of the authority can be inferred. Before the Code was
adopted, the authority to rent applied only where the
estate was solvent.—Patton v. Crow, 26 Ala. 426; Long
v. McDougald, 23 Ala. 413; also, Bank v. Fry, 23 Ala.
770. The statute of 1839, which then gave the authority
to rent, was not materially different from the law now in
force.—Clay's Digest, 199, § 37. If this court had, be-
fore the adoption of the Code, construed that statute so
as to confine its authority to the renting of lands of sol-
vent estates, it would have been our duty to regard the
re-enactment of the substance of the statute as an adop-
tion of the construction previously given to it, and to
have followed that construction. But it is clear that the
confinement of the authority to rent to solvent estates
was not the result of a construction of the act of 1839,
but was the necessary effect of the act of 1822, which
made a failure to apply for leave to sell the land of an in-
solvent estate equivalent to the perpetration of a devas-
tavit.—Clay's Digest, 198, § 27. This last named statute
was regarded as imperatively requiring the representative
to obtain an order and sell the land, when the estate was

insolvent; and being so understood, it necessarily pro-
hibited a renting. That statute, not being carried into
the Code, is repealed. The ground upon which the au-
thority to rent the land of an insolvent estate was denied,
is thus removed; and we thus have a rather significant
indication of an intent to change the law. We certainly
have now a general authority to rent, unqualified by any
other statute; and no reason occurs to us why an excep-
tion as to the lands of insolvent estates should be inferred.
There are cogent reasons why the authority to rent should
apply to insolvent estates. The title to the land may be
involved in litigation, which would render a speedy sale
imprudent. The application to sell may itself give rise
to a protracted suit, pending which it would be expedient
to rent out the land. Or a controversy, as to the amount
of debts to be paid, may render it probable that a sale of
the entire land will not be necessary, and make it greatly
to the interest of the heir that there should be a postpone-
ment of the sale and an intermediate renting. Other
contingencies may arise in which a renting would be
proper. We think, therefore, that there is no reason,
growing out of the insolvency of the estate itself, for
denying the authority to rent the land belonging to it;
and we think the statute, in the legitimate force of its
terms, bestows the authority, while it is unqualified by
any other provision of our present system.

The judgment of the court below is reversed, and the
cause remanded.