## GRIFFIN, ADM'R, *vs.* BLAND.

[ACTION ON ACCOUNT, BY ADMINISTRATOR.]

1. *Presumptions; what will be made in appellate court, in civil suits.*—In civil suits, it is the duty of this court to make every presumption in favor of the correctness of the proceedings in the court below. The record must purport to show absolutely, that all the testimony given on the trial, is set out in the bill of exceptions. Error must be positively shown.

2. *Same.*—There is a manner of expression which leaves no room for doubt on this point, and it is better to hold to this than to leave the door open to uncertainties.

3. *Same; what certainty required in bills of exception.*—In a bill of exceptions, the language, " on this state of facts, the court charged the jury," is not equivalent to saying, "these were all the facts on which the court acted." This latter expression is the certainty required.

4. *Administrator; has no authority to engage in the business of warehouse keeper without an order from the proper court.*—Without an order of the proper court, an administrator has no authority to engage in the business of a warehouse keeper. If there is a warehouse belonging to the estate, which is not included in the widow's dower, or in the lands exempted in favor of the "widow and children" of the deceased, it should be rented out by the administrator, and the rents brought into the estate as assets, for payment of debts and distribution.

Griffin, Adm'r, v. Bland.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. JOHN MOORE.

W. H. Griffin, as administrator of the estate of John P.
Boyd, deceased, brought this action against Eliza Bland,
on an account for storage of cotton. The evidence is set
out as follows, in the bill of exceptions : " The plaintiff
proved that John P. Boyd was the owner of a warehouse
at White's Bluff, on the Alabama river, and died in pos-
sion of the same, in 1859. During 1860 and 1861, said
warehouse was in the possession of one Welch, under a
lease from the widow. Plaintiff was appointed and quali-
fied administrator on the 23d of December, 1861 ; on the
30th day of same month, Welch turned over the warehouse
to plaintiff, and defendant at that time had in store 175
bales of cotton. Plaintiff never had any order of any
court authorizing him, as administrator, to keep any ware-
house. The cotton had been stored with Welch during the
fall, and in December, 1861, there was no special contract
for storage between Welch and the defendant; the usual
warehouse receipts were given for the cotton. The plain-
tiff had the possession of said warehouse during all of
1862 and 1863, and kept the warehouse. In 1862, defend-
ant sent fifty-one bales of cotton to said warehouse, and
took plaintiff's warehouse receipts for the same—some
signed 'Wade H. Griffin, administrator,' and others W.
H. Griffin. There was no special contract between Griffin
and defendant, as to charge for storage. The plaintiff kept
the warehouse until January, 1864, and turned over defend-
ant's cotton to Blecker, to whom he leased the warehouse."
There was some conflicting evidence as to the number of
bales plaintiff received from Welch, and also as to the
number plaintiff turned over to Blecker ; also as to damage
and loss to cotton. " In 1865, Blecker turned over defend-
ant's cotton in the warehouse to him (defendant), defendant
paying Blecker's charges for storage, but refusing to pay
plaintiff's charges, and shipped the cotton and sold it. On
this state of facts, the court charged the jury, if they be-
lieved the evidence, the plaintiff was not entitled to recover,

as administrator, and they must find for the plaintiff, and plaintiff duly excepted, &c."

MORGAN & LAPSLEY, for appellant. (No brief on file.)

PETTUS & DAWSON, *contra.*—1. The recitals in the bill of exceptions, that "upon this state of facts" the court charged, &c., is not equivalent to a statement that the bill of exception states "all the evidence."—*Kirksey v. Hardaway*, 41 Ala. 330, where the words were "upon the foregoing evidence," the court charged ; *Henley v. Lee*, January term, 1867, where the words were, "upon this state of proof ;" *The Southern M. Ins. Co. v. Holcombe*, 35 Ala. 327, where the word was, "thereupon."

This court will always construe the bill of exceptions most strongly against the appellant.

In this case the court gave the general charge for the defendant. All the evidence not being set forth in the bill of exceptions, this court cannot presume that the court erred in giving the charge. On the contrary, this court will presume that if all the evidence had been stated, it would appear that the charge was not erroneous.

PETERS, J.—In the former decisions of this court, the most positive certainty of expression has been required that the bill of exceptions contained *all* the evidence offered on the trial in the court below, before a case would be reversed, because the charge of the court was not sustained by the proofs. It is the duty of this court, in civil suits, to make every presumption in favor of the correctness of the proceedings in the court below.—*Fleming v. Ursery*, 30 Ala. 282 ; *Wilson's Heirs v. Wilson's Adm'r*, 18 Ala. 176 ; 30 Ala. 242. Error must be positively shown.—2 Stew. 29 ; 31 Ala. 101. The record sent up, must purport to show absolutely, that all the testimony given on the trial, upon which the court acted, is set out in the bill of exceptions.

In *Kirksey v. Hardaway*, 41 Ala. 333, the words were, "upon the foregoing evidence," the court decided ; in *Southern Insurance Co. v. Holcombe*, 35 Ala. 327, the language used was, "thereupon," the court decided ; and in

*Henley* v. *Lee*, January term, 1867, the expression was, " upon this state of proof." Each of these modes of expression was held insufficient to justify the conclusion that all the evidence given in the court below, was stated in the bill of exceptions.

In this case, the language is, " on this state of facts the court charged the jury." This seems to be undistinguishable from the words used in *Henley* v. *Lee, supra.* And if the expression was insufficient there, it must also be insufficient here. *Ubi eadem ratio, ibi idem jus.*—Broom's Max. 91, marg. There is a manner of expression which will leave no room for cavil on this point, and it is better to hold to this, than to open the door to uncertainties. We, therefore, feel it safest to adhere to the constructions of our predecessors, although a very nice criticism might doubt the propriety of some of them. Then following the authorities above cited, we are constrained to decide that the words, " on this state of facts," are not equivalent to saying, " these were all the facts " on which the court acted. This latter expression is the certainty required.

The proof shows that John P. Boyd died in 1859 ; that Griffin, the appellant, was appointed administrator of his estate on the 30th day of December, 1861, quite two years after his intestate's death. The accounts sued on are for warehouse charges which are alleged to have fallen due, the one in October, 1861, and the other in October, 1864, but it does not appear with whom they were contracted, nor when. The complaint is in these words :

" State of Alabama, ⎱
 Dallas county. ⎰ Circuit Court.

" Wade H. Griffin, as administrator of John P. Boyd, plaintiff, *vs.* Eliza Bland, defendant. The plaintiff, as administrtor of the estate of John P. Boyd, deceased, claims of the defendant three thousand one hundred and twenty-four dollars, due by account, on the 1st day of October, 1861, and on the 1st day of October, 1864, for the storage of two hundred and sixteen bales of cotton, and for work and labor done for defendant, with interest thereon."

35

It does not clearly appear that either of these accounts were contracted with the defendant in his life time, or that they were for services rendered by him in his life time. But it seems from the bill of exceptions, that the contrary was the fact. It also appears from the testimony, that the warehouse mentioned, was a part of the real estate of said Boyd, left at his death. This being admitted, it was a part of the decedent's lands, and the administrator was entitled to take possession of it for the payment of the debts of the deceased, or for distribution, unless it was covered by the widow's dower, or it was land exempted "in favor of the widow and children."—Revised Code, §§ 2060, 2061, 1630. He could rent it out, or by order of the proper court, he could sell it for the above purposes.—Revised Code, §§ 2080, 2123, 2076 ; 36 Ala. 348 ; *Patton v. Crow,* 26 Ala. 426; 23 Ala. 413. But he could not carry on the business of a warehouse-man, as the administrator of John P. Boyd. To do this, he must, as a bailee, be able to bind the estate he represented for his own negligence and the negligence of his servants. This he could not do. This, without an order of some proper court to sanction it, would be going beyond the general powers of his trust, which is not allowed.—2 Wms. Exr's, pp. 1274, 1275, 1276, marg. ; Story on Bail, § 444, *et seq.* ; 1 Bouv. Law Dict., *Bailee* ; 8 Port. 380 ; 2 Stew. 33 ; 9 Ala. 330, 434. It was therefore the duty of the administrator to rent out the warehouse as a part of the lands belonging to the estate of the deceased, and bring the rents into the estate, as agent. He could not go beyond this, under the authority shown in the bill of exceptions.—1 Ala. 226 ; *Henderson v. Simmons,* 33 Ala. 291 ; 22 Ala. 558 ; *Boynton v. McEwen,* 36 Ala. 348.

There is no error in the record, and the judgment is affirmed.