## Charles *et al. v.* The State.

*Indictment for Grand Larceny.*

1. *What is hearsay.* — When a witness details facts as seen and heard by himself, including in his statement remarks made by himself to the defendant, this is not hearsay.

2. *Charge as to conflict in evidence.* — Where there is "a great deal of conflict in the evidence," the court may so instruct the jury; and where such a charge is given, the appellate court will presume that the facts justified it, unless the bill of exceptions negatives that presumption.

FROM the Wilcox Quarter Sessions Court.
Tried before the Hon. T. W. PRICE.

PETERS, C. J. — This is a conviction for grand larceny. The thing charged to have been stolen was a bale of cotton. All the evidence delivered to the jury on the trial is not set out in the bill of exceptions. The accused were found guilty

[Charles v. State.]

in the court below, and sentenced to the penitentiary for three years each. From this judgment they appeal to this court, and here the only matter of error insisted on is that supposed to be found in the bill of exceptions.

The bill of exceptions shows two questions, which were reserved by the defendants on the trial below. The first is set out in these words : " The State introduced evidence tending to show that a packed bale of lint cotton had been taken from under Mr. Beck's gin-house at night-time, and that about one hour and a half before daylight of the same night these persons were seen coming from the direction of the said Beck's gin-house, with about two hundrd and eighty pounds of lint cotton, in bags and a basket, going in the direction of Dear's gin-house ; and about a half hour by sun, Amos Willis and another tracked the cotton to Dear's gin-house ; and when they came up, Amos Willis remarked, in the hearing and presence of defendants, that he had lost a bale of cotton the night before ; and immediately after this remark, one of the defendants went to the lint-room, and pulled down lint cotton which had never been packed, and seemed to put it over cotton that was then unpacked, but that had once been packed ; and the defendants objected to said remarks of the said Amos Willis, upon the ground that it was hearsay evidence." It seems that the objection here intended to be made is, that the foregoing facts were not proven by a witness who saw and heard what was said and done, but by some other person, who detailed them as related to him. If this had been so, then the objection that the proof was matter of hearsay would be well taken. But as I understand the witness in this case, he does not detail facts as related to him by another person, but he speaks of facts lying within his own knowledge. This is not hearsay. 1 Greenl. Ev. ch. V. *ubique.* There was, then, no error on this point.

2. A second objection is, that the court charged the jury " that there had been a great deal of conflict in the evidence." This might have been the fact ; and as all the evidence is not set out, it will be presumed, in favor of the ruling below, that it was the fact. Upon this presumption there was no error in the charge. *Griffin* v. *Bland*, 43 Ala. 542.

The judgment of the court below is affirmed.