NEW-YORK,
May, 1815.

JACKSON
v.
SIDNEY.

———◆※◆———

JACKSON, *ex dem.* ROMAN AND OTHERS, *against* SIDNEY.

THIS was an action of ejectment, tried before Mr. Justice *Yates*, at the *Schoharie* circuit, in 1813.

The declaration contained separate demises to each of the four lessors: and at the trial, the plaintiff offered to show a title in each of the lessors to four separate lots in the subdivision of great lot No. 137. This evidence was objected to by the defendant, on the ground, that the lessors of the plaintiff could not recover on their separate titles; and the plaintiff was called on by the judge, to elect which of the lessor's rights he would rely on; and the plaintiff accordingly elected to proceed for lot No. 2. owned by *Knox*, one of the lessors. Evidence was then given on both sides, and a verdict was taken for the plaintiff, subject to the opinion of the court on a case, which was submitted without argument.

In ejectment separate demises from several lessors may be laid in the declaration, and the plaintiff at the trial may give in evidence the separate titles of the several lessors to separate parts of the premises in question, and recover accordingly.

*Per Curiam.* The declaration contains separate demises from each lessor, and upon the trial it was offered, on the part of the plaintiff, to show a separate title in each lessor to a distinct part of the premises in question; and this was objected to and overruled by the judge, and the plaintiff compelled to elect, and proceed upon one count only. Had the lessors been tenants in common of the premises there could be no doubt but that they would have had a right to recover the whole, if they could have shown a title to the same. And there can be no good reason against their showing a separate title in each to a distinct part. It cannot subject the defendant to any inconvenience, or operate as a surprise upon him; and the costs to which he may be made liable, on a recovery against him, will

NEW-YORK,
May, 1815.

be much less than if four separate actions were brought. It is a course, therefore, that ought to be encouraged, as it prevents multiplicity of suits. A new trial must, therefore, be awarded, with costs, to abide the event of the suit.

New trial granted.