Opinion of the court delivered by
Judge Catron.
Two opposite grounds are assumed in argument,as to the effect of the saving in favor of Jane. The counsel for the lessor of the plaintiff, contend, that the heirs of Jane Barrow, must be taken as one, and that the saving in favor of Mrs. Crabb (formerly Jane Barrow) prevents the bar from taking effect against her brothers. For the defendant it is insisted, that in actions of trespass and ejectment, all must sue, and if one is barred it necessarily operates as a bar to all, and rely upon Perry v. Jackson (4 Term. Rep. 516, 7 Cranch 156. 4 Day, cases 265.
*228 The latter is undoubtedly the true rule in personal ac-. tions, because the bar is general, without exception of infants, &c. in the enacting clause of the statute, and it lies upon the plaintiffs to bring themselves within the exceptions, one of them cannot do so and is barred, and as all must sue, because the right of action is joint, it must be sustained by all jointly or it can be sustained by none.—(4 T. R. 516. 7 Crunch, 156.
It was also contended in argument, that the interest of the lessors of the plaintiff was of a several nature; that Mrs. Crabb might have sued for her share alone, that the nominal lessee was entitled to recover such interest as by the evidence was found to be in him, although less than the whole demised. This was the opinion of the circuit court, who decided, that if David and Alexander were barred by the act of limitations, still Mrs. Crabb could recover her share in this action. The jury found in favor of Mrs. Crabb, but rendered their verdict against David and Alexander, upon which finding judgment was rendered accordingly. This part of the opinion was excepted to.
The demise in the declaration is joint, and it is insisted, that the recovery must be joint also. Freeport’s case, (6 Co. Rep. 15; Adams on Ejectment, 186.
By the act of 1784, ch. 22, sec. 1, this land descended to the children and lineal descendants of Jane Barrow, as tenants in common. By the English practice in ejectment, tenants in common cannot join in the same demise, but must declare separately, when a part can be recovered. (Adams on Ejectment, 183, 7, 8; Heatherty vs. Weston and others, 2 Wilson’s Rep. 232;) but in New York we find a different practice adopted. (2 Caine’s Rep. 170; 12 John. Rep. 185
In this Stale, the uniform practice has been for ten-nants in common in ejectment, to declare on a joint demise, and recover a part or the whole of the premises declared for, according to the evidence of title adduced; nor has this practice been drawn in question so far as we know or can ascertain; and in fact, no other probably could be permitted after the passage of the act of 1801, *229 ch. 6, sec. 60, which provides, “that after issue joined in any ejectment on the title only, no exceptions to form or substance, shall be taken to the declaration in any court whatever.” Whether David and Alexander Barrow, then had, or had not, any title in the premises, was immaterial to Mrs Crabb. She could recover as upon a separate demise; and proceeding upon the principle of disconnection between the tenants in common, the Barrows are barred, the same as if they had not joined with Mrs Crabb. Such has been the uniform course of legal opinion in Tennessee, with judges and lawyers; and this has been the first time, so far as we can learn, that the doctrine has been questioned in the State courts.
What was there to hinder the Barrows from suing alone? Nothing'. In conformity with this opinion, is that of the supreme court of North Carolina; (3 Hawk. Rep. 577. This decision was founded upon our act of limitations of 1715, and the statute of descents of 1784.
We are informed that the federal judge in the case of Carter’s heirs at Knoxville, assumed the ground, that the descent was cast upon all the heirs as one heir, according to the principle laid down in 2 Blk. Com. 187, and Co. Litt. 163; and therefore the disability of one was a saving of all, within the exception of the statute in favor of infants, &c. It may be here observed, that if it was necessary for all to join in the action, then the settled principle in regard to personal actions, would bar all. It is true, that Coke.and Blackstone speak of parceners as one heir, and so they are for some purposes., Yet the well settled practice in England is, that one parcener may sue alone, which the court will view as a severance of-the tenancy, and allow the parcener to recover as a tenant in common. (6 East Rep. 173, 12 ditto, 39, 57; 3 Camp. Rep. 190; Adams on Eject. 187. It follows of course, and is so settled also in England, that one parce-ner may be barred, and the interest of the other saved, if the first be without, and the latter within the saving of the 21 Jac. I, ch. 16; Doe vs. Roulston, (2 Taun. Rep. 441. That this rule has never been the subject of doubt *230 in England in cases of tenants in common, will be seen by the remarks of the bar and the bench in the above cause; and if the federal court has given our statutes of limitations and of descents a different construction, we suppose it to have been under a misapprehension.
Judgment affirmed.