OF

## THE DECISIONS

OF

## THE SUPREME COURT OF ALABAMA,

## JANUARY TERM, 1835.

---

### SAWYER *versus* FITTS.

Whether *it is or not* discretionary with a Court to compel a party to join in a demurrer to evidence—*Quære*. But, on demurrer to evidence, the party must admit the facts and conclusions which may be reasonably inferred therefrom, otherwise the adverse party is not bound to join in the demurrer.

In an action of trespass, to try title, a verdict for plaintiff that he recover the land " and one moiety of the mills" sufficiently certain.

THIS case was brought into this Court by a writ of error from the Circuit Court of Bibb. It was an action of trespass to try title, and a verdict and judgment were had in favor of the plaintiff below. The defendant in the lower Court filed a demurrer to the evidence, (which was mostly circumstantial,) but refused to admit the facts and circumstances of that evidence. The Court below refused to compel a joinder in demurrer, and such refusal was assigned as cause for reversal in this Court.

2

FREEMAN, for Plaintiff in error.

In this case the plaintiff refused to join in demurrer to the evidence; and the Court refused to compel the joinder. The bill of exceptions shows that the demurrer embraced all the written testimony in the cause, on which the plaintiff could rely for title. This was trespass to try title. The plaintiff must rely on the strength of his own title for success; and when his whole title is spread before the Court, is he not bound to join in demurrer? The Judge says, the evidence was, in a great measure, circumstantial, and the defendant refused to admit the facts that might be inferred from the circumstances. This circumstantial evidence could not, as the bill of exceptions shows, have referred to the title, but must have had reference to the amount of value, and the like. But what fact could have been inferred from a circumstance? It is from facts that inferences or conclusions may be drawn.

STEWART, *contra.*—Whether a party shall be required to join in demurrer to evidence, or not, is within the discretion of the Court. It is true, the Court *may* compel the party to join in demurrer. From the very nature of the proceeding, it must be within the discretion of the Court. The revising tribunal cannot judge of the circumstantiality of the evidence, and whether the party could be compelled to join in demurrer to evidence without injury, as the Court below can.

FREEMAN, in reply.—This doctrine, that the compelling of a party to join in demurrer is exclusively within the discretion of the Court, I have found in no law book, except in an opinion of one of the Judges of our Supreme Court, under its former organization.

I contend that as to joinder in demurrer, the party requiring such joinder has rights, and that the Court may err in disregarding them. It appears by the record, that the defendant below moved to have the whole evidence taken down and put in the demurrer; which motion was not granted.

By Mr. Justice SAFFOLD:

Fitts brought an action of Trespass, to try titles, against the plaintiff in error. The subjects of controversy were, the south half of a certain half quarter section of land, described in the declaration, containing a water grist and saw mill; all of which, the plaintiff below, alleged to be his property. Plea, general issue.

On trial, Fitts recovered, by verdict and the judgment of the Court, the land in question, "and one moiety of the mills sued for," and also, damages for the detention.

It appears, from a bill of exceptions then taken, and in the language thereof, "that the defendant moved the Court to appoint some person to take down the evidence, as the defendant intended to demur to the same; which appointment the Court declined to make. After the plaintiff's evidence was gone through, the defendant's counsel drew up a demurrer to the evidence, and presented it to the plaintiff's counsel for a joinder, but which was refused. The Court then called on the defendant to introduce his testimony to the jury,— which he declined. The Court then directed the plaintiff's counsel to proceed to the jury. The Court refused to compel the plaintiff to join in demurrer; because the evidence was, in a great measure, circumstantial, and because the defendant refused to admit the facts which might be reasonably inferred from

the circumstances. The demurrer set forth a true copy of the deed, under which the plaintiff claimed title, and the contents of another instrument of writing relative to the mills, which recited, that the plaintiff and defendant were jointly interested in the mills, but which instrument had been destroyed by the defendant. This was all the written testimony, and there was no other evidence of title, nor any proof of trespass on the land, except an ouster from the mills."

To this decision of the Court, the defendant excepted.

The assignments of error, are,

1. The refusal of the Court to compel the plaintiff to join in demurrer to the evidence.

2. The verdict and judgment are vague and insufficient.

1. Whether, in a case, proper for a demurrer to evidence, the Court has a discretion, to require the adverse party to join in it, or not, is a question on which the authorities are not the most satisfactory or decisive. The usual practice, however, in various Courts of the highest authority, has been, to allow the demurrer; and it has often been considered a matter of right, not of discretion, in the Court, if the party claiming it comply with the requisites on his part: but it is clear that neither party is entitled to the benefit of such demurrer, nor can the Court allow it, unless the party demurring will admit the truth of all the *facts*, and every *conclusion* which the proposed evidence conduces to prove, and this to be entered of record—*Gibson & Johnson* vs. *Hunter.*[a]

It appears from the authorities, that the *relevancy* of the evidence to the issue, is the only matter for the determination of the Court, whether it be demurred to or submitted to the jury, and that all testimony is *relevant*, which in any degree conduces to prove the material facts.

[a] 2 H. Bl. 187. 1 Ph. Ev. 235, 236—1 Saund. Pl. & Ev. 571.

Judge *Gould*[a] has considered this subject very fully. He maintains, that as the relevancy of the evidence is the only point of which the Court can judge, on demurrer, it can never be safe for a party to demur to evidence which is clearly relevant to the *whole* issue : But says, " Where the whole evidence exhibited in support of the affirmative of the issue, is relevant to a *part* only of the issue, it may be safely demurred to ; because, in such case, the evidence could not warrant a finding of the issue, by the jury, in favor of the party exhibiting the evidence." He admits, that it is a question not fully settled, in the older books, how. far *unwritten* evidence is liable to be demurred to ; but, insists that where all the evidence in support of the affirmative of the issue, is *written*, as in case of a *bond*, as evidence of a debt, or of a *deed of conveyance*, or *record*, as evidence of title to land, under the general issue, all the authorities, ancient and modern, agree, that the defendant may demur to the evidence ;[b] and that, according to the modern doctrine, evidence of *any kind*, may be demurred to, under the restrictions or conditions prescribed by the rules of practice.[c] On the point most applicable to this case, he says : " Where the evidence is *circumstantial*, the party demurring, must distinctly admit, *upon the record, every fact, and every conclusion*, which the evidence conduces to prove—in other words, every fact which the jury might have inferred from it ; otherwise, the adverse party is not bound to join in the demurrer : because, without such admissions, the *weight*, as well as the *relevancy* of the evidence, would be referred to the Court, on which the Court can pronounce no judgment."[d] He adds, " If a party offering to demur, to evidence, is wrongfully overruled by the Court, his remedy is, by *bill of exceptions*, and a *writ of error*

a Gould's Tr. on Pl. 480, '1.

b Gould's Pl. 183.

c Gould's Pl. 184.

d Gould's Pl. 487.

founded upon it."[a]   But, in *Young* vs. *Black*,[b] the Supreme Court of the United States held it to be a matter of discretion with the Court of original jurisdiction, whether to compel a party to join in demurrer to evidence; and that it ought not to be allowed where the party demurring refuses to admit all the facts which the evidence legally may conduce to prove. That Court declined to express any opinion, whether a *refusal* to compel a joinder, could, in any case, be *assigned for error:* though it was declared to be a subject within the discretion of the Court, to which the application was made, the understanding was expressed, that the consequence did not necessarily result, that a writ of error would not lie for an improper exercise of it.   On this point Chief Justice *Marshall* remarked, that their former decisions on the subject of discretion, &c. were to be considered as law, but they were not to be extended farther.   Yet three of the Judges, *Livingston, Johnson*, and *Story* expressed their opinions that the writ of error would not lie in such case.   Their reasons are very satisfactory to my own mind, and are in substance these—that the court trying the cause will generally be in a situation to decide more correctly, having all the circumstances of the case before it, than an appellate tribunal; and that if it should commit a mistake in the exercise of its mere discretion, in refusing to compel a party to join in demurrer to evidence, or in refusing to grant a new trial, or to continue a cause, less mischief will arise from requiring the parties occasionally to submit to such inconvenience, than to open a door to the endless litigation which would arise from appeals, in all the variety of cases, of this nature which must necessarily occur in the progress of every contested action. They also maintained that these causes were never assigned for error in *Great Britain.*

[a] Gould's Pl. 491.—(Vide Co. 13 b.— B. Ab. Bills of E. ib. Pleas, &c. [b] 7 Cranch, 565

It may also be observed, that but little injury need be apprehended from allowing this discretion to the Court: proper cases for its exercise but rarely occur, in which the party deems it necessary to his safety. The nature of the application implies distrust in the jury, which is an institution highly congenial to the character of our government, and a great favorite in the American constitutions: hence the guarantee, that "the right of trial by jury shall remain inviolate." It is to be presumed, in general, that the party can have the same benefit of the superior judgment of the Court, by instructions to the jury, as by its decision on demurrer to the evidence; or, by the grant of a new trial, if the jury be prejudiced. The legal presumption also, is, that the Judge, having the discretion, will compel a joinder in the demurrer, when of right it ought to be done.

In the case of *Brandon* vs. *The Huntsville Bank*,[a] decided by this Court, the question did not occur, [a 1 Stew. 320.] whether it would be error, in a proper case, to refuse to compel a joinder in demurrer to evidence. The question was, whether such compulsion would constitute error. We held, that it would not; and that the party had a right, that being a proper case, to demur to the evidence. Such is the principle of the authorities I have cited, though it be considered, as in the case of *Young* vs. *Black*, a subject within the judicial discretion of the Court.

In as much, however, as this case was not argued before a full bench, and can be otherwise disposed of, the Court declines to pronounce any decision on the question, whether, in a proper case for a demurrer to evidence, the refusal of the Court to compel the adverse party to join in it would be a matter, of which, advantage can be had, in error. But, whether the demurrer be considered a matter of right to the party,

or of discretion in the Court, it does not appear in this case, that the plaintiff in error entitled himself to it by the requisite admissions; but the contrary is stated in the bill of exceptions.

It is true, he proposed that all the evidence should be taken down, and after it was introduced, tendered to the adverse counsel, a demurrer. It is not however, shown, what the demurrer contained; and if we could infer that it contained all the evidence offered by the plaintiff, both written and parol, (and in respect to the latter, at least, the bill of exceptions is indefinite,) it it is not pretended that it contained the *conclusions* which this evidence conduced to prove. The contrary is expressly stated in the exceptions—that the party claiming the demurrer, "refused to admit (even) the facts which might be reasonably inferred from the circumstances" in evidence. We must therefore say, there was no error in refusing to compel a joinder in the demurrer.

2. The objection presented by the second assignment, is explained to be, that the verdict and judgment award to the plaintiff below, "one moiety of the grist and saw mills;" without defining whether it be a divided or undivided moiety. We think the subject matter sufficiently explanatory on this point; that it is unsusceptible of division, the language of the recovery embracing, equally, both the grist and saw mills; and that an undivided moiety, consisting of half the interest of both, was recovered; consequently, the verdict and judgment are sufficiently certain. Judgment affirmed.