ANSLEY, et al. *vs* NOLAN.

1. An assignment of lands, not under seal, cannot invest an assignee with such a title, as will enable him to maintain ejectment.

2. The mere reference in the caption of the Receiver's certificate, is no sufficient evidence, that the right of a claimant to lands, was derived under the pre-emption laws of the United States.

Error to the Circuit court of Chambers county.

Trespass to try titles. Thomas F. Nolan, the plaintiff, at the Spring term of the Circuit court of said county, eighteen hundred and thirty-seven, declared against defendants, Ansley, et al.—for that whereas, theretofore, the said plaintiff, on the first day of January, eighteen hundred and thirty-seven, in the county aforesaid, was seized and possessed, in his own demesne, as of fee, of a certain close, situate, lying and being, in the said county, known and distinguished as the south-east quarter, of section number twenty-two, township number twenty three, of range number twenty eight, containing one hundred and fifty-nine, and fifty four hundredth acres of land ; and the said defendants, to wit, on the day and year last aforesaid, at, to wit, in the county aforesaid, with force and arms, broke and entered, the said last mentioned close, and ejected, expelled and put out, the said plaintiff, and deprived him of the close aforesaid, and had ever since kept and detained possession of the same, to the great damage of the said plaintiff;—wherefore he brought

suit, as well to recover possession of the close aforesaid, as for the damages, for the detention of the same.— To this declaration there was a plea of not guilty:— replication and issue joined, &c.

And thereupon came a jury of good and lawful men, who being sworn to render a true virdict, on the issue joined, on their oaths said, they found for the plaintiff, and assessed his damages at four hundred and seventy dollars: It was therefore considered by the court, that the plaintiff recover of defendants, possession of the premises, and the damages so assessed by the jury, together with the costs in that behalf expended, for which execution might issue. From which judgment there was a writ of error.

The bill of exceptions stated, that on the trial, the plaintiff offered in evidence, a certificate from the receiver of the land office, at Montgomery, showing payment by Leander Burns, to the said receiver, for the land mentioned in the declaration; and an assignment of the said certificate, and the land in question, to the plaintiff, by Burns.

The plaintiff proved by *aliunde* testimony that Leander Burns had made his mark as specified in the assignment, but the witness was not present when the mark was made. The proof was, that Burns acknowledged it to be his mark. The defendants objected to the introduction of the receiver's certificate, and the assignment in evidence—

1st. Because, by the acts of Congress of eighteen hundred and thirty, and eighteen hundred and thirty-four, the assignment of such certificate was expressly prohibited:

2dly. Because, if a transfer of such certificates could be made, that the transfer was not made in such a manner as to convey any interest, not being under the hand and seal of the assignor.

The defendants then proved that they were possessed of the premises sued for, before the certificate was issued from the receiver's office, at Montgomery.— Defendants assigned the receiving in evidence of the certificate, and assignment endorsed thereon, as above specified, to be error; and excepted to the opinion of the court, as before expressed, for the cause specified.

The plaintiffs in error, here assigned, that the court below, erred—

1st. In overruling the several exceptions taken to the opinion of the court, by the defendants' counsel, as set forth in the bill of exceptions.

2d. In permitting the register's certificate, and the assignment or writing, on the back thereof, to be given in evidence.

3d. In giving judgment for plaintiff below.

*Ellis and Phelan*, for the plaintiffs in error.
*R. D. Thorington*, contra.

The counsel for plaintiffs, urged that the act of 1830, made *all assignments. or transfers, of the right of pre-emption, prior to the issuance of the patents, null and void.* Pamphlet acts, 1830, page 167. The act under which this certificate issued to Burns, simply revived the act of 1830—see acts of 1834, pages 28 and 29. The case of *McElyea vs. Hayter*, 2 *Porter* 148, was believed to cover every principle involved in the case.

If the certificate were transferable, the transfer was neither valid or sufficient.

The endorsement on the back of the certificate, was an attempted transfer and conveyance of the land itself, and ought, therefore, to have been under seal—4 *Cruise's Dig.* 33.

GOLDTHWAITE, J.—This is an action of trespass, instituted in Chambers Circuit court, by Thomas F. Nolan, against Gilbert and Samuel Ansley, to recover pos-

2B

session of a tract of land, described in the declaration. The defendants pleaded not guilty ; and on the trial, a verdict was rendered in favor of the plaintiff, who thereon had judgment.

To reverse this judgment, the plaintiffs in error, prosecute their writ, in this court.

The bill of exceptions, taken on the trial, discloses that the plaintiff below, deduced title to the land in controversy, from the United States in manner, following :—

1st. He produced, and read to the jury, a certificate of the receiver of public moneys, at Montgomery, for the land; which certificate, is in these words—

"Pre-emption act. ⎰    Receiver's office, at Montg'y
"19th June, 1834. ⎱    April 14th, 1836.

"Received from Leander Burns, of Chambers, the sum of one hundred and ninety nine dollars, and forty three cents, being in full payment for the south east quarter of section No. twenty two, in township No. twenty three, of range No. twenty eight, containing 159 54-100 acres, at $1 25 per acre—$199 43-100.

N. E. Benson, Receiver."

2d. A transfer, or assignment, of the land, written on the certificate, in these words—

"For value received, I, Leander Burns, of Chambers county, Alabama, do hereby assign, transfer, and set over unto Thomas F. Nolan, of Chambers county, all my right, title, claim and demand, to the within described quarter section of land, and request that a patent may be issued to the said Thomas F. Nolan, his heirs or assigns.

Witness, my hand, this 20th April, 1836.

his<br>
Leander ⋈ Burns,<br>
mark."

To the admission of these papers, as evidence of title, the defendant below, excepted; and their admission, is the only matter to be examined in this court.

It is contended, that as the act of congress, of 1830, chap. 209, makes all assignments or transfers, of the

right of pre-emption, prior to the issuance of the patent, void; and as the act of 1834, chap. 54, simply revives the act of 1830, that the prohibition contained in the first act, is yet in force, and consequently, this attempt to transfer the land, is inoperative.

The counsel for the plaintiff in error, do not seem to have adverted to the fact, that the restriction imposed by the act of congress, as to the transfer of such rights, was withdrawn by the act of congress, of 1832, chap. 9; and that at the time of the transfer, there was no law making it void.

This question, however, we do not intend at this time to decide, as we are of opinion, that it is not presented by the record. The mere reference to the caption of the receiver's certificate, cannot sufficiently inform this court, that the right of Burns, to the land described therein, was derived under the pre-emption laws. If it was desired to present this question, for adjudication, the facts to bring the case within its operation, should have been shewn, with precision and certainty.

The assignment of the land, to Nolan, by the instrument set out, cannot invest him with such a title as will enable him to maintain this action; because it is not under seal.

It is unnecessary, at this time, to determine, whether *any* conveyance of lands, not under the seal of the grantor, can pass the legal title to the grantee. It is sufficient to observe, that the instrument of conveyance set forth, *if under seal*, would, in that event, be operative, solely as a release, which under the statute of uses, adopted in this state,* must—to be effective as a conveyance—be by deed.

In the admission of this instrument, in evidence, to shew title in the plaintiff, in the court below, the Circuit court erred; and for this error, the judgment must be reversed: and as the plaintiff may have other title to the land, if desired, the case will be remanded.

---

*Dig. 94, sec. 37.