· TARVER vs. SMITH.

[REAL ACTION IN NATURE OF EJECTMENT.]

1. *Who may join as plaintiffs.*—An executor, suing in his representative capacity, and the devisees under the will, cannot join as plaintiffs in a real action in the nature of an ejectment.

2. *Transfer of Indian reservation; what title will support action.*—A transfer by a Creek Indian of his reservation under the treaty, approved by the president of the United States, confers on the grantees such title as will support an ejectment; and where the grantees are a partnership, each partner may maintain a separate action for his undivided interest.

3. *Same.*—If the several grantees, in such case, by agreement in writing, not under seal, divide the land among themselves, the agreement does not confer on any partner the title to the particular portion of land allotted to him.

4. *Validity of patent in name of deceased person.*—Prior to the passage of the act of congress approved May 20, 1836, (Brightly's U. S. Digest, 465,) a patent, issued in the name of a deceased person, was void; but, under that act, such patent vests the title in the decedent's heirs, devisees, or assignees, as if it had been issued to him during life.

5. *Assignment of approved contract for purchase of Indian reservation.*—An assignment, not under seal, of an approved contract for the sale and purchase of an Indian reservation, although it does not convey to the assignee the title conferred by the approved contract, is nevertheless sufficient to authorize the issue of a patent to him; and the validity of a patent, subsequently issued to the assignee, is not affected by the fact that the assignment was not under seal.

6. *Amendment of complaint, as to parties.*—If an action is brought by a sole plaintiff, and the names of others as co-plaintiffs with him are added by amendment, (Code, § 2403,) the name of the original plaintiff cannot be struck out by a subsequent amendment.

APPEAL from the Circuit Court of Coosa.
Tried before the Hon. PORTER KING.

THIS action was brought by Elijah W. Tarver, as the

surviving executor of the last will and testament of Benjamin P. Tarver, deceased, against Alexander Smith and others, to recover the possession of a tract of land, which was described in the complaint as " the east half of section eighteen, in township twenty-one, range twenty east, in the Tallapoosa land district;" and the names of Elijah W. Tarver individually, William Tarver, and James M. Tarver, were afterwards added as plaintiffs, by an amendment of the complaint. The defendants pleaded, "in short by consent, not guilty, the statute of limitations of ten years, and adverse possession for three years, with the erection of valuable improvements." On the trial, as appears from the bill of exceptions, the plaintiffs offered in evidence a transcript from the records of the general land-office at Washington, showing that the land in controversy was the reservation of a Creek Indian, and was sold by him, on the 23d April, 1835, to Elijah Corley, Benjamin P. Tarver, and four others, partners composing the firm of E. Corley & Co.; that on the 19th November, 1835, on a division of the lands belonging to the said firm among the several partners, the tract in controversy was allotted to said Benjamin P. Tarver; and that on the 24th October, 1839, the contract for the purchase of the reservation by E. Corley & Co. was approved by the president of the United States. The plaintiffs also read in evidence a certified copy of the last will and testament of said Benjamin P. Tarver, which was duly admitted to probate in July, 1840, and by which Elijah W., William, and James M. Tarver, were made the residuary legatees and devisees of the testator. The defendants read in evidence a patent from the United States, dated the 5th July, 1844, by which the land in controversy was granted to said Benjamin P. Tarver. "The court thereupon decided, that the plaintiffs had not shown such a title as would enable them to maintain this action; to which ruling of the court the plaintiffs excepted, and were compelled to take a nonsuit;" and they now assign this ruling of the court as error.

MARTIN, BALDWIN & SAYRE, for appellant.
JOHN T. MORGAN, and J. Q. LOOMIS, *contra.*

STONE, J.—A question meets us at the threshold of this case, which is fatal to the plaintiffs' right of recovery on their present complaint. At the fall term, 1857, the plaintiff obtained leave to amend his complaint, by adding the names of the three devisees of the land in controversy, as plaintiffs in the cause. The suit had been commenced in the name of Elijah W. Tarver, as executor of Benjamin P. Tarver, deceased; and the names added were William Tarver, James M. Tarver, and the said Elijah W. Tarver in his own right. The amendment, then, makes the case of an action to recover the possession of land, in the nature of an action of ejectment, (Code, § 2209,) prosecuted in the name of the only surviving executor, suing in his representative capacity, conjoined with the names of the devisees of the lands in controversy; the will not conferring the title of the lands upon the executor. It needs no argument to show, that the rights of the executor, as such, in the lands of his testator, are entirely unlike those of the devisees of the fee. The devisees have the absolute property in the estate, subject to be defeated, in a limited class of cases, by the assertion of certain specified powers with which the legislature has clothed the executor. The respective rights of the parties cover no grounds in common; the rights of the one yielding to the extent that the other can be asserted. True, each may maintain an action of ejectment, to recover the possession of the lands; but their several rights over the lands when recovered are fundamentally unlike.

Our decisions have placed the right of the personal representative to maintain ejectment for the recovery of lands of his testator or intestate, mainly on the ground that such personal representative is entitled to the rents in arrear at decedent's death, and to the after-accruing rents, as assets of the estate until distribution is made.—See *Harkins v. Pope,* 10 Ala. 493; *Golding v. Golding,* 24 Ala. 122; *Patton v. Crow,* 26 Ala. 426; *Boynton v. McEwen,* 36 Ala. 348.

A moment's reflection will satisfy any one, that the right of the devisees to maintain an action rests on their *ownership* of the property. The two classes of plaintiffs, having no interests in common, cannot maintain a joint action under the Code.—*Doe v. Edrington*, 3 Nev. & Man. 646, and note; *Jackson v. Sidney*, 12 Johns. 185 ; *Walker v. Fenner*, 28 Ala. 367; 1 Chitty's Pleadings, 62, 64, 65.

This is an error, which, if the attention of the circuit court had been directed to it, would have justified the charge, that the *plaintiffs* could not maintain the action in their joint names. But the question was not made in the court below; and hence, the plaintiff has had no opportunity to perfect his pleadings by an amendment.—See *Cox v. McKinney*, 32 Ala. 466-7 ; *Williams v. Agee*, 30 Ala. 636. It thus becomes our duty to investigate the other questions in the record.

[2.] The circuit judge charged the jury, that the evidence of title adduced by the plaintiffs was not sufficient to prove title in their testator to the premises in controversy. By what claim of title the defendant was in possession—whether under color of title, or as a mere trespasser—we are not informed. In the absence of all proof on this question, we can not presume he was in by virtue of any title, either valuable or colorable.—*Crommelin v. Minter*, 9 Ala. 605. But, conceding that he may have been in possession under title colorable but not good, the executor, as the case now appears to us, (and leaving out of view the patent after-noticed,) was entitled to a partial recovery. The plaintiffs put in evidence a contract, or transfer, from a reservee of the Creek tribe of Indians, conveying the lands in controversy to E. Corley & Co., certified by the government agent appointed for the purpose, and approved by the president of the United States. The Indian who thus conveyed to E. Corley & Co., was located on these lands. Benjamin P. Tarver, plaintiff's testator, was a member, and, with five others, composed the firm of E. Corley & Co. Testator was, then, seized as a joint tenant, with five others, of an undivided sixth part of the

lands sued for. This, in the absence of other proof of title, authorized a recovery, at least to that extent, under the following well-settled principles of law :

First : The deed from the Indian reservee to E. Corley & Co., after it received the approval of the president of the United States, clothed the grantees with such title as that they could maintain ejectment upon it.—*Jones v. Mardis*, 5 Porter, 327 ; *Crommelin v. Minter*, 9 Ala. 594 ; *Haden v. Ware*, 15 Ala. 149.

Second : The owner of an undivided interest in lands, having a legal title, may maintain a separate action of ejectment against one wrongfully in possession, and may recover to the extent of his ownership in the premises. *Sawyer v. Fitts*, 2 Porter, 9 ; *Hines v. Greenlee*, 3 Ala. 73 ; *Bonner v. Greenlee*, 6 Ala. 411 ; *Chastang v. Armstrong*, 20 Ala. 609.

[3.] The defendants put in evidence a patent issued from the government of the United States to Benjamin P. Tarver, dated July 5th, 1844, conveying the lands in controversy to said testator. It is conceded for appellant that Benjamin P. Tarver died before July 5th, 1844 ; and on this account he contends, that the patent is void ; while on the other hand, the appellees, taking it for granted that the patent is void, contend that the appellant has shown no such title in his testator as that ejectment can be maintained upon it. The argument for appellees is as follows : The approved contract and conveyance from the Indian reservee to E. Corley & Co., vested the title jointly in the six members composing that firm ; and the division by which the land which is the subject of this suit was assigned to testator, although in writing, and signed by the parties, is not evidenced by any instrument under their seals, and, hence, conveyed no legal title to Benjamin P. Tarver.

It must be conceded, that the instrument by which the division of the lands was evidenced, does not confer on Mr. Tarver, or his executor, such right to the interests thus conveyed as that ejectment can be maintained on such title.

*Ansley v. Nolan*, 6 Porter, 379 ; *Thrash v. Johnson, ib.* 458 ; *Falkner v. Jones*, 12 Ala. 165. And it follows from this, that if the present action were prosecuted by the executor · alone, and the patent to Benjamin P. Tarver had not been put in evidence, the plaintiff, in the absence of some valid defense, would have been entitled to recover only one un--- divided sixth part of the lands.

[4.] But the issue of the patent to Benjamin P. Tarver, occurring, as it did, after the death of Mr. Tarver, presents this question in an entirely different aspect. Before the act of congress of 1836, a patent, issued in the name of a person who was dead at the time it issued, was void.—*Galt. v. Galloway*, 4 Peters, 332 ; *McDonald v. Smalley*, 6 Peters, 261 ; *Morcham v. Phelps*, 21 How. (U. S.) 294 ; *Wood v. Ferguson*, 7 Ohio St. R. 288. By the act of congress approved May 20th, 1836, it is enacted, that "in all cases where patents for public lands have been, or may hereafter be issued, in pursuance of any law of the United. States, to a person who had died, or who shall hereafter die before the date of such patent, the title to the land designated therein shall inure to, and become vested in the heirs, devisees, or assignees of such deceased person, as ' if the patent had issued to such deceased person during life." Brightly's Digest, 465.

[5.] In the case of *Haden v. Ware*, (15 Ala. 149,) Ware claimed under a patent issued to him as the assignee of Watson & Co. Watson & Co. held an approved contract from the Indian reservee ; and they, by themselves and by their attorney in fact, assigned and transferred said contract and their interest in said land to R. J. Ware. On this Ware obtained his patent. The report of the case does not furnish a copy of the transfer from Watson & Co. to Ware ; but we have looked into the record, and find it was not under seal. Speaking of the strength of Ware's title, this court said : " We think it very clear, that the legal title to the land passed to Ware by the patent. By the treaty, the ultimate fee in the land reserved for the Indians, remained in the government ; and the purchaser from an Indian re-

servee acquired no title by the purchase, until the contract was approved by the president. When this was done, the purchaser became entitled to a patent, which, when issued, carried the fee to the patentee. * * * * In reference to the land in dispute, the title was in the government, and the president was authorized to issue a patent to Watson & Co. A patent was issued, under their authority, to Ware, and it vested in him the legal title."

The question presented in the case of *Ware v. Haden*, was, in all respects, precisely like the question in this record, if we leave out of view the fact that Mr. Tarver had died before the patent issued to him.—See, also, *Iverson v. Dubose*, 27 Ala. 418. That case, then, is decisive of this, so far as to show that the writing entered into on the division of the lands owned by E. Corley & Co. was ample authority to the government of the United States to issue a patent to Mr. Tarver; and, unless the prior death of Mr. Tarver brings the case under a different rule, it further shows that the patent to Mr. Tarver divested the title and right to maintain ejectment out of E. Corley & Co., and leaves the plaintiff's right of action resting on the patent.

The result of the principles above declared is, that before and at the time of Mr. Tarver's death, he had and held an ownership and right, in and to the lands in controversy, which authorized a patent to issue to him " *in pursuance of a law of the United States*"; and when, after his death, the patent was issued in his name, it was not void, but *the title inured to and vested in* his heirs, devisees, or assignees, under the act of congress of 1836.—*Schidda v. Sawyer*, 4 McL. 184; *Stubblefield v. Boggs*, 2 Ohio St. R. 216; *McArthur v. Dun*, 7 How. (U. S.) 262.

[6.] We have thus shown, that the devisees of Mr. Tarver, if suing alone, could maintain the present action against any one who had not a paramount title. The act of 1836 can not aid the executor; for it confers title only on the " heirs, devisees, or assignees." The executor being joined as a plaintiff, defeats the recovery, and would have justified a general charge for the defendant, if the court had

given it. Nor can this defect be remedied by amendment. The action was commenced by the executor alone. The complaint was afterwards amended, by adding the names of the devisees as plaintiffs. The only amendment which could bring the case within the principles we have declared, would consist in striking out the name of the executor, thus leaving the complaint in the names of the devisees. This, under our decisions, can not be allowed.—*Leaird v. Moore,* 27 Ala. 326 *;·Pickens v. Oliver,* 32 Ala. 626.

Our decisions, allowing, in this court, revivors in favor of both the administrator and the heir, in certain classes of ejectment suits, (resting, as they do, on statutes which rendered the introduction of that anomaly into our jurisprudence necessary to prevent injustice,) can have no application to a suit commenced originally by the heir or personal representative.—See *State* ex. rel. *Nabors,* 7 Ala. 459 ; *Jordan v. Abercrombie,* 15 Ala. 580 ; Ex parte *Swan,* 23 Ala. 192.

The judgment of the circuit court is affirmed.