# Goodlett *v.* Hansell.

### *Statutory Real Action in Nature of Ejectment.*

1.   *Alias summons ; defects in original not available.*—When an *alias* summons is issued and executed, the original not having been executed, the *alias* is the leading process; and defects in the original, not carried into the *alias*—its issue on Sunday, for instance—can not be pleaded in abatement, nor otherwise be taken advantage of to defeat it.

2.   *Requisites of conveyance.*—Under the provisions of the Revised Code (§§ 1535-6), a conveyance is not effectual to pass real estate, unless it is either acknowledged before a proper officer, or is attested as the statute prescribes— that is, by one witness where the grantor writes his own name, and by two witnesses where he cannot write : the subsequent section (2599), dispensing with a seal, and declaring that "any instrument in writing signed by the grantor," &c., "is effectual to transfer the legal title to the grantee, if such was the intention of the grantor, to be collected from the entire instrument," does not affect these provisions.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. W. B. WOOD.

This action was brought by John H. Hansell and others, children and heirs at law of John H. Hansell, deceased, against David C. Goodlett, to recover a tract of land containing about eighteen acres, situated near the town of Moulton in said county, together with damages for its detention.

[Goodlett v. Hansell.]

The original summons was issued on the 12th day of March, 1876, and was returned by the sheriff "Executed by leaving a copy, this 14th March, 1876, at the residence of the defendant." This return having been set aside by the court, an *alias* was ordered, which was issued, and regularly served on the defendant. At the return term of the *alias*, the defendant pleaded in abatement, that the original summons was issued on Sunday, and also moved to dismiss the suit on that ground; but the court overruled the demurrer and motion, and the defendant excepted.

"It was admitted on the trial," as the bill of exceptions states, "that both parties claimed title to the lands in controversy through John H. Hansell, deceased, who had a good title to said lands; the plaintiffs claiming by descent as his heirs, and the defendant claiming that said decedent had conveyed said lands to his wife, from whom defendant purchased them, and held under her; and he offered in evidence a deed from said Hansell to his wife, in words and figures as follows." (This deed was dated the 3d January, 1867; conveyed the lands to Mrs. Hansell, in consideration of an acknowledged indebtedness to her; and purported to be signed and sealed by said Hansell, and to be attested by J. S. Clark.) "It was admitted, that said deed was written and signed by said Hansell in his life-time, and conveyed the lands in controversy; but evidence was offered which tended to show that said J. S. Clark, though he was present when said Hansell wrote and signed said deed, never subscribed his name as a witness until after the death of said Hansell; and there was evidence, also, tending to show that said Hansell never delivered said deed to his wife. The court thereupon charged the jury, that no conveyance for the alienation of land was valid, under section 1535 of the Revised Code, unless attested by at least one witness at the time of its execution (to which the defendant duly excepted), or acknowledged by some officer authorized by law to take acknowledgments of deeds, and delivered to the vendee, and that until the vendor delivered the deed to the vendee, or to some other person for her, the conveyance was not complete, and did not pass the title to the land."

The sustaining of the demurrer to the plea in abatement, the overruling of the motion to dismiss the suit, and the charge of the court, are now assigned as error.

W. P. CHITWOOD, for appellant.—1. The summons, which was the commencement of the suit, was issued on the 12th day of March, 1876, which, as this court must judicially know, was Sunday. The clerk had no authority to issue it on that

day, and the summons is void. This was the rule of the common law, and it has not been changed by statute, except in a few specified cases, which only shows that the general rule is recognized.—Broom's Legal Maxims, 60; *Van Vetchen v. Paddock*, 12 John. 178; *Haynes v. Sledge & Maxy*, 2 Porter, 530.

2. By the common law, attesting witnesses were not necessary to give validity to a deed.—*Robertson v. Kennedy*, 1 Stew. 245. Has this rule been changed by statute? Section 1535, standing alone, requires attesting witnesses, unless the deed is acknowledged; but section 2599, while dispensing with a seal, further declares, "Any instrument in writing, signed by the grantor, or his agent having a written authority, is effectual to transfer the legal title to the trustee, if such was the intention of the grantor, to be collected from the entire instrument." The two sections must be construed together, and effect be given to each, if possible; and this can only be done by construing the former section as directory merely. The intention of the grantor, then, is the principal inquiry; and that appearing on the face of the instrument, effect must be given it accordingly.—*Thompson v. Marshall*, 36 Ala. 511; *Saunders v. Saunders*, 20 Ala. 710; *Hamner v. Smith*, 22 Ala. 433.

THOS. M. PETERS, with RATHER & SHARPE, *contra.*—1. If the original summons should be held void, because issued on Sunday, the defect would not affect the *alias*, under which the defendant was brought into court, and which was unobjectionable.—Rev. Code, §§ 2559-60; 45 Ala. 286; 50 Ala. 100; 38 Ala. 514; 39 Ala. 183; 25 Ala. 534; 21 Ala. 258; 18 Ala. 619; 8 Porter, 467; 6 Porter, 352; 2 Stew. 480.

2. As to the requisites of a conveyance of land, the words of the statute are imperative: there must be either attesting witnesses, or an acknowledgment by the grantor.—Rev. Code, §§ 1535-6; *Hendon v. White*, 52 Ala. 599, and at this term; *O'Neal v. Robinson*, 45 Ala. 526; *Thompson v. Marshall*, 36 Ala. 514. Section 2599 (Rev. Code) was only intended to dispense with the necessity for a seal.

BRICKELL, C. J.—It may be admitted, that the original summons, if issued on the Sabbath, would have been abated on plea. It was not executed on the defendant personally, as was shown by the return of the sheriff, and the issue of an *alias* was ordered by the court. The *alias*, when issued, became the leading process, compelling the appearance of the defendant when executed. Defects in the original, not

[ Goodlett v. Hansell.]

entering into it, are not the subject of a plea in abatement to it, and are not available in any mode to defeat it.

2. Under the provisions of our statutes, no conveyance is effectual to pass real estate, unless it is attested by one, and, where the grantor cannot write, by two witnesses, or is acknowledged before a proper officer.—*Hendon v. White*, 52 Ala. 599; *O'Neal v. Robinson*, 45 Ala. 526. Prior to the Code, a conveyance was ineffectual to pass the legal estate, unless it was under seal. A conveyance not under seal, though it created a perfect equity, and though a court of equity would compel its specific performance, would not authorize the grantee to maintain ejectment for the recovery of possession. It was not even an instrument of evidence in a court of law.— *Ansley v. Nolan*, 6 Porter, 379; *Thrash v. Johnson*, 6 Porter, 458. The purpose of the statute (R. C. § 2599) is to dispense with a seal, as a constituent of a valid conveyance of the legal estate in lands, and to convert any writing having the necessary constituents of a conveyance, intended as a transfer of the legal title, into a legal conveyance. There is no conflict between its provisions, and the provisions of the former sections, 1535-6. The conveyance, whether sealed or unsealed, must be written or printed, on parchment or paper, signed at the foot by the grantor, attested by at least one witness, if he writes his name, or, if he does not, by two witnesses, who are able to write; or acknowledged before an officer having authority to take and certify the acknowledgment of deeds. If there had been no further definition by the statutes, of the constituents of a legal conveyance of lands, than is found in sections 1535-6, the common law would have remained of force, and a seal would have been essential, though from the instrument the intention of the grantor to pass the entire legal estate could be clearly collected. The further provision in section 2599 accomplished its entire purpose, when it is construed, as its heading imports, only as dispensing with a seal, as necessary to pass the legal estate.

The rulings of the Circuit Court conformed to these views, and its judgment is affirmed.