# Stewart *v.* Beard.

*Statutory Real Action in Nature of Ejectment.*

1. *Conveyance of land; execution of.*—A conveyance of lands, not acknowledged by the grantor as required by law, must be attested by at least one witness, and, if the grantor signs by mark only, by two witnesses; and in either case the attesting witness must be able to write, and must in fact write his own name.

2. *Same.*—A deed, signed by the grantor, but not acknowledged, and purporting to be attested by two witnesses, one of whom signed by mark only, and the name of the other was written by the grantor, is insufficient to pass the legal estate, and is incapable of recognition in a court of law as a muniment of title.

APPEAL from Etowah Circuit Court.

Tried before Hon. LEROY F. BOX.

This was a statutory real action in the nature of ejectment, brought by Eli B. Beard, the appellee, against Mary A. Stewart, the appellant, and was commenced on 13th February, 1879. The appellee claimed title under an instrument of writing, purporting to be a deed conveying to him the land in controversy, and bearing date, December 14th, 1866. The facts

[Stewart v. Beard.]

touching the execution of this instrument are sufficiently stated in the opinion. When it was offered in evidence by the appellee, the appellant objected, on the ground that it was not shown that it had been executed as required by the statute. Her objection was overruled, and the instrument allowed to be read to the jury as evidence, and she excepted. Exceptions were also reserved to other rulings of the Circuit Court, but the view taken of the case by this court renders it unnecessary to set them out.

The ruling above noted was one of the assignments of error.

J. L. CUNNINGHAM, M. J. TURNLEY and AIKEN & MARTIN, for the appellant, after discussing other questions raised by the record, but not passed on by the court, contended that the deed, not having been attested by one witness who could write his name, nor acknowledged, was not executed as required by the statute, and was improperly admitted as evidence, citing Code of 1876, § 2145 : *Goodlett v. Hansell*, 56 Ala. 346; *Hendon v. White*, 52 Ala. 599; *O'Neal v. Robinson*, 45 Ala. 526; *Ansley v. Nolan*, 6 Port. 379; *Thrash v. Johnson*, 6 Port. 458.

DENSON & DISQUE, *contra*. (No brief came to the hands of the reporter.)

BRICKELL, C. J.—The plaintiff (now appellee) deduced title, right of entry, and of possession in and to the premises in controversy, from an instrument purporting to be a conveyance, executed by Sutton and wife. The execution of the instrument was not acknowledged and certified in the mode prescribed by the statute for the acknowledgment of conveyances. It contains the usual attestation clause, and purports to have been attested by one McMahan, signing by a mark only, and by one Anderson, writing his name. The grantor Sutton signs by writing his name; the wife by making her mark. The statute (Code of 1876, §§ 2145–6) requires that conveyances for the alienation of lands must be signed at the foot by the contracting party, or his agent having written authority; "or if he is not able to sign his name, then his name must be written for him, with the words 'his mark' written against the same, or over it; the execution of such conveyance must be attested by one, or where the party can not write, by two witnesses who are able to write, and who must write their names as witnesses."—Code of 1876, § 2145. Since the enactment of this statute, conveyances for the alienation of lands, not attested by witnesses · as it requires, or not acknowledged and certified by an officer having authority to take and certify the acknowledgment of conveyances, have been uniformly pronounced in-

[Stewart v. Beard.]

sufficient to pass the legal estate, and incapable of recognition in a court of law as a muniment of title.—*Hendon v. White*, 52 Ala. 599; *Goodlett v. Hansell*, 56 Ala. 346; *Sharpe v. Orme*, 61 Ala, 263; *Lord v. Folmar*, 57 Ala. 615.

The attestation purporting to be made by Anderson, was not his act.    At the execution of the deed he could not write, and without his request or assent, his name was written as a witness by the grantor, Sutton.    The attestation of any instrument must be, and is, of necessity, the act of the witness, and not of the grantor or other party to the instrument.    When his name is not written by himself, but by a party to the instrument, it is not an attestation.    On proof of that fact, it would not be necessary to call him to prove its execution, or to account for his absence before introducing other evidence of execution.—1 Greenl. Ev. § 569 *a*.    But independent of that consideration, a conveyance of lands is not so executed, as that the legal estate will pass, unless, when the grantor writes his name, it is attested by a witness able to write, and who in person writes his name; or if the grantor sign by a mark, by two witnesses writing their names.    This is the plain requisition of the statute, intended as a security against clandestine conveyances, and to furnish enduring evidence of the the the title to lands.    The statute contemplates that the grantor may sign the conveyance by writing his name, or if not able to write, by making his mark.    Whether signed in the one or the other mode, if its execution is not acknowledged and certified as is authorized, there must be an attestation by one, or by two witnesses. When the grantor signs his name, the attestation of one witness is sufficient; when he signs by a mark, the attestation of two witnesses is required.    Either attestation must be by a witness, or witnesses, *able to write, and who write their names*. A mark may satisfy the requisitions of other statutes, less explicit and emphatic in their terms, employing only such general words as " *sign*," or " *subscribe*."    It would be a violation of the words, and go far to defeat the policy of this statute, if it were construed as sanctioning an attestation by a witness who makes his mark only.    This instrument not having been attested, or acknowledged, as required by the statute, the Circuit Court erred in overruling the objection to its admissibility as evidence.    This will probably be decisive of the case, and it is unnecessary to consider the other assignments of error.

Reversed and remanded.