Mr. Justice Cox
delivered the opinion of the Court:
*12 We have had several cases discussed before us, which involve the question whdther several parties who own an undivided interest, in a lot of ground, can unite in’ an action of ejectment. In this case, the plaintiffs in setting up their title, in compliance with the rule, in their declaration claim an interest in fee simple, as tenants in common of the property described, being part of lot 2 in square 117, of which they were lawfully possessed when the defendants entered the same and unlawfully ejected the plaintiffs therefrom, &c. There was a demurrer filed in which it was said'that the statement of law to be argued thereon was this: “ The suit is brought jointly by plaintiffs, who declare that they claim an interest in fee simple as tenants in common. The plaintiffs should sue severally and not jointly, and defendants say this is a misjoinder of parties.” The demurrer was sustained, and the plaintiffs appealed.
At common law, as we all know, tenants in common can join in certain classes of actions. They could join in all actions affecting their joint possession; they could join in all actions of trespass quare clausum fregit; and in all actions to recover mesne profits, as well as actions of assumpsit for use and occupation founded upon an occupation of their land, which they held in common and of which they were in possession. I do not see why they could not have joined.
In the old obsolete forms of action, the right to enter, or the right of ejectment in its original form, was one in which the parties sought to recover for a term of years of which they had been dispossessed. But as the action of ejectment came to be used in order to try the title to a freehold, the form of which was an action by a fictitious plaintiff counting upon the demise of the owner of the freehold, the question then began to be made, what would be the proper form of demise, that is to say, what would be a sufficient averment of demise to the fictitious plaintiff. Different courts began to make a distinction between joint tenancy and coparceners and tenants in common, and it was long held that *13 joint tenants and co-parceners might demise jointly, and tenants in common would have to execute several demises of their undivided shares, and therefore, in this form of action, the fictitious plaintiff must count upon a joint demise from co-parceners or joint tenants, and upon separate demises of several undivided parts where the real plaintiff or the owners of the freehold were tenants in common. There does not seem to have been any doubt that tenants in that form might unite in an action of ejectment. The rule is thus stated in Adams on Ejectment, at page 210:
“When one or more tenants in common are lessors of the plaintiff, a separate demise must be laid by each, or they must join in a lease to a third person and state the demise to plaintiff to have been made by their lessee. The first is the most usual mode of proceeding, and the declaration need not state the several demises to be of the several shares belonging to the several tenants respectively, but each demise-may be alleged generally to be of the whole premises demised; for under a demise of the whole an undivided portion may be recovered.”
The law in that respect is held differently in Maryland; that is to say, that where an entirety is claimed, an undivided part cannot be recovered under a declaration asserting that claim. That is immaterial, however, to the present inquiry. In Maryland I find that ejectments had been sustained in which the lessors tenants in common were averred to have executed separate demises of their undivided interest.
In the case of Carroll and others vs. Norwood heirs, 5 H. and J., 155, seven separate demises were made by as many tenants in common, each demise being of an undivided interest, and it was held that there could be no question as to the right to maintain an ejectment.
In the case of Magruder et al. vs. Peter et al., 4 G. and J., 323, where a testator gave certain powers to sell to his executors, and they undertook to make sale, the heirs at law instituted an ejectment suit, and in that case there was no question made about the right of the several parties to *14 appear in the action as lessors, each one as to his undivided interest. Now, the court says: “ In ejectment separate demises from several lessors may be laid in the declaration; and the plaintiff at the trial may give in evidence the separate titles of the several lessors to separate parts of the premises in question and recover accordingly,” citing Adams on Ejectment and several New York cases, and among them the case of Jackson vs. Sidney, 12 Johns., 185. In that case the court went further than is at all necessary for the present inquiry. The court in New York held that though parties may have owned several parts not in severalty they might unite to recover the whole. “The declaration,” says the court, “ contains separate demises from each lessor, and upon the trial it was offered upon the part of the plaintiff to show separate title in each lessor to a distinct part of the premises in question, and this was objected to and overruled by the judge, and the plaintiff compelled to elect to proceed upon one count only. Had the lessors been tenants in commoij of the premises, there could have been no doubt but that they could have a right to recover the whole if they could have shown a title to the same; and there could be no good reason against their showing a separate title in each to a distinct part. It cannot subject the defendant to any inconvenience, or operate as a surprise upon him,” &c.
Now, in a number of text-books, it is true as a general proposition, as asserted, that tenants in common cannot join in ejectment; but when we come to examine the cases referred to they amount simply to this: that separate demises must be alleged of the separate undivided interests of .the tenants in common. They cannot unite in ejectment; that seems to be one meaning of the rule, which in a vague way is asserted in some of the text-books that tenants in common cannot join in ejectment. We are satisfied that at common law, under the fictitious form of ejectment, they could unite. Now, the next question is, whether our statute has made any difference in this respect. Section 809 says:
“All fictions in the pleadings in the action of ejectment within the District are abolished; and all actions for the re *15 covery of real estate shall be commenced in the name of the real party in interest, and against the party claiming to own or be possessed thereof.”
It is not to be conceived that Congress meant to restrict parties in asserting their interest, but on the contrary the law would be interpreted in the other direction. If any change was made, it would undoubtedly be in the .direction of extending the rights of parties. The object of this statute, however, seemed to be simply to strike out fictions in pleadings and leave the parties with the same right of action in their own names that they formerly had in their fictitious form. That seems to be the true interpretation of this statute. We have'in our rules a provision that allows a count for mesne profits to be united in a claim for the property in an action in ejectment. In actions of ejectment tenants in common could always unite in an action for mesne profits. That seems to imply that they might unite in an action of ejectment.
We have no difficulty, therefore, in coming to the conclusion that under our statute, as well as at common law, an action may be maintained by two or more tenants in common in an action of ejectment.
In this, case there is another objection made to the declaration as not setting out a cause of action, and the criticism upon it is this: that it does not claim the property, but simply the interest in it without defining that interest. The rule requires that in declarations in ejectment, the plaintiff shall state distinctly what he claims. Now, they say that they sue to recover part of lot 21, describing it by metes and bounds, “in which said part of lot the said plaintiffs claim an interest in fee simple, as tenants in common, and of which they were heretofore lawfully possessed, when the defendants entered the same and unlawfully ejected the plaintiffs therefrom, and unjustly detain the same from them.”
They seek to recover part of the lot, and they set their claim out and claim the estate in fee simple, held by them as tenants in common, and it seems to us that it sufficiently states the claim.