# Allred *v.* Elliott.

*Statutory Real Action in the Nature of Ejectment.*

1. *Proof of handwriting of subscribing witness to deed; when inadmissible.*—For the purpose of proving the execution of a deed, evidence of the handwriting of a subscribing witness is inadmissible, when it is shown that the witness is within the State. To authorize such evidence, it is necessary to show that the subscribing witness is dead, is out of the State, or is, for some reason, incompetent to testify.

2. *Execution of deed; proof of.*—Where the grantor in a deed which had been lost, the execution and contents of which were sought to be proved, testified that he executed the deed in the presence of two subscribing witnesses, naming them, one of whom was a woman, the testimony of a witness, who had been named by the grantor as the other subscribing witness, that a woman who was absent from the State signed the deed as a witness, is competent, although it is shown that the witness testifying could neither write nor read writing. His inability to write or read writing might impair the weight of his testimony, but it would not render the testimony illegal.

3. *Deed to land; execution of.*—A deed to land, executed by a person who writes or signs his name, is valid, if it is attested by one witness who is able to write, and does write his name.

4. *Charge of court; presumption of title to land.*—In an action of ejectment a charge instructing the jury, that "prior possession for several years, accompanied with the erection of valuable improvements and other acts of ownership, raises a presumption of title," asserts a correct legal principle; and if its tendency is to mislead, this calls for an explanatory charge, and is no ground for reversal.

APPEAL from Cullman Circuit Court.

Tried before Hon. LEROY F. BOX.

This was a real action under the statute in the nature of ejectment, brought by Joseph Allred against David Elliott, M. G. Kennedy and William Sandlin, and was tried on issue joined on the pleas of not guilty and the statute of limitations of ten years. The defendants claimed title in Mrs. S. C. Kennedy, Elliott and Sandlin being her tenants, and M. G. Kennedy her husband. The land in controversy was entered in 1858 by Joseph Knighton, from whom both parties claimed, the plaintiff

VOL. LXXI.

through one Clayton, and Mrs. Kennedy directly from Knighton. The plaintiff having proved and read in evidence a deed from Clayton to him, executed 6th November, 1869, introduced the deposition of Clayton, whose testimony tended to show, that in July or August, 1868, he purchased the land sued for from Knighton, and went into possession under his purchase, and under a deed which Knighton executed conveying the land to him. This deed, he testified, was attested by William Scott and Mrs. Martha Kitchens, and was duly acknowledged. The deed was shown to have been lost, and was never recorded. The plaintiff then examined as a witness said Scott, who testified that he had signed the deed as an attesting witness by his mark, but this was ruled out by the court on defendants' objection. He further testified, that he could neither write nor read writing. The plaintiff then offered to prove by this witness, "that a woman who could write and who was absent from the State, when last heard of," signed her name to the deed as an attesting witness at the time it was signed by Knighton; but this was objected to by the defendants, their objection sustained, and the plaintiff was not allowed to make the offered proof, and he excepted.

The defendants proved and read in evidence a deed duly executed by Knighton in 1873, conveying said land to Mrs. Kennedy; and for the purpose of proving the execution of a quitclaim deed to said land by one Henderson in December, 1873, to the defendant Kennedy, as husband and trustee of Mrs. Sallie C. Kennedy, the defendants "put a witness on the stand and proved by him, against the plaintiff's objection, the handwriting of Wm. F. Dickinson, a subscribing witness to said paper, who, at the time of the trial, resided and was in Blount county, Alabama. This paper was not acknowledged, probated or recorded, and on the evidence alone as to the handwriting of said subscribing witness, the court permitted said paper to go to the jury," and the plaintiff excepted. As stated in the bill of exceptions, this deed recited a conflict of title to said land between Mrs. Kennedy and Clayton, and Henderson's possession, and his desire to vacate the same and avoid litigation; and by the deed he relinquished and gave up possession to the defendant Kennedy, as husband and trustee. The bill of exceptions further states that the evidence was conflicting as to whether or not the defendant Kennedy had notice of plaintiff's or Clayton's deed, "before he bought the same for his wife, the evidence showing that he did buy the same from Knighton for his wife, and paid therefor $50, in October, 1873." The defendant Kennedy also "proved possession of said land since 1873, permanent improvements thereon, and their value, under Knighton's deed to Mrs. Kennedy."

15

[Allred v. Elliott.]

This being the substance of the evidence introduced on the trial, the court charged the jury, at the written request of the defendants; that "prior possession for several years, accompanied with the erection of valuable improvements and other acts of ownership, raises a presumption of title;" and to this charge the plaintiff excepted.

A judgment was rendered for the defendants on verdict, from which the plaintiff appealed; and he here assigns the rulings above noted as error.

HARVILL & DICKINSON and GEO. H. PARKER, for appellant. (1) That the witness Scott could neither write nor read writing, did not render the offered evidence incompetent, but was merely a fact to be considered by the jury in weighing his testimony. (2) The subscribing witness Dickinson was shown to have resided, and to have then been in Blount county, in this State. This being the case, the evidence as to his handwriting should not have been admitted.—*Hatfield v. Montgomery*, 2 Port. 58. (3) The charge given does not assert a correct legal proposition in *this case*. Both parties claimed under documentary evidence of title, and no rights were claimed by prescription. The charge was well calculated to confuse or mislead the jury.

W. T. L. COFER and E. B. McGETRICK, *contra.*—(No brief came to the hands of the reporter.)

STONE, J.—The testimony of the handwriting of the subscribing witness Dickinson, to the deed purporting to be made by Henderson, was inadmissible. To authorize such evidence, it was necessary to show the subscribing witness was dead, was out of the State, or, for some other reason, had become incompetent to testify.—1 Brick. Dig. 855–6, §§ 741, 2, 3.

There was an offer of testimony, by a witness who could neither write nor read writing, that a woman, who was absent from the State when last heard from, did write or sign a second deed offered, as a witness. This statement is somewhat indefinite. It probably pointed to Martha Kitchens as the "woman," who, according to the testimony of the witness Clayton, was one of the subscribing witnesses to the deed from Knighton to him. Thus interpreted, this testimony ought to have been received. Of course, the witness' inability to write, or to read writing, might impair the weight of the testimony he gave, but it would not render it illegal. A deed executed by a person who writes or signs his own name, is valid, if attested by one witness who is able to write, and does write his name.—Code of 1876, § 2145; *Stewart v. Beard*, 69 Ala. 470.

The charge excepted to asserts a correct legal principle.
VOL. LXXI.

*Mastin v. Brown,* 70 Ala. 235. If its tendency was to mislead, this was a subject for an explanatory charge, but was no ground for reversal.—1 Brick. Dig. 344, § 129.

Reversed and remanded.