# Guice *v.* Thornton.

*Action against Partner, on Promissory Note of Partnership.*

1. *Action against partnership, on contract of partner.*—If one partner borrows money, or purchases goods, on his own individual credit alone, the subsequent application of such money or goods to the uses of the partnership does not give the creditor an action against it.

2. *Parol evidence; admissibility to show conditional delivery of note, or want of consideration.*—Parol evidence is not admissible, in an action on a bond or note, to show that the instrument was delivered to the payee (or obligee) himself as an escrow, to take effect upon a condition ; nor is it admissible, in the absence of fraud or mistake, to show a delivery to the payee (or obligee) upon the condition that it was not to have any binding force at all ; but such evidence is always admissible to show the want of consideration of the instrument sued on, " unless in the case of negotiable instruments in the hands of an innocent purchaser, or of a sealed instrument, which at common law, though not now under our statute, was conclusive evidence of a sufficient consideration."

[Guice v. Thornton.]

3. *Articles of partnership; admissibility as evidence in action against partner.*—In an action on a promissory note signed in the partnership name, against one sought to be charged as a partner, the fact of partnership being disputed, the written articles of partnership are competent evidence to prove the fact of partnership; but its recitals or stipulations as to the special powers or duties of the partners, not bearing on the execution of the note sued on, are not admissible.

4. *Evidence admissible for one purpose only.*—When evidence is offered which is competent and admissible for one purpose only, it can not be excluded from the jury on motion, but a charge should be asked limiting its scope.

5. *Secondary evidence of writing; handwriting of absent witness.* When one of the subscribing witnesses to a written instrument is absent from the State, it is proper to prove his handwriting, as secondary evidence of the execution of the instrument.

6. *Plea of non est factum ; burden of proof.*—When *non est factum* is pleaded, with other pleas, in defense of an action on a promissory note signed the name of a partnership, seeking to charge the defendant as a partner, the *onus* is on the plaintiff to show the existence of the partnership, and the execution of the note by authority of one or more of the partners (Code, § 3036); and this proof being adduced, the *onus* is shifted to the defendant to establish any defense admissible under his pleas.

7. *Partnership note for partner's individual debt ; burden of proof.* When money is borrowed by one partner on his own individual credit, the subsequent execution of a note for it in the partnership name, without the consent of the other partners, is a fraud on the partnership; and the *onus* is on the creditor to show their assent.

8. *Commencement of partnership.*—When no other time is specified in the articles for the commencement of the partnership, it will be presumed to date from the execution thereof, unless this presumption is rebutted by the terms of the instrument itself; and the authority of each partner to bind the others, within the scope of the partnership business, dates from that time.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. H. D. CLAYTON.

This action was brought by Jason G. Guice, against Jonathan M. Thornton, "one of the late firm of Thornton & Locke;" was commenced on the 10th June, 1881, and was founded on a promissory note for $2,000; which note was dated April 3d, 1875, payable to the order of the plaintiff six months after date, and signed "*Thornton & Locke, per W. H. Locke.*" The defendant pleaded, " in short by consent," the general issue, the statute of frauds, the want of consideration, and failure of consideration ; and also a special plea of *non est factum*, verified by affidavit, alleging that "said note was not executed by him, nor by any one authorized to bind him in the premises ; that said note was executed by W. H. Locke, who, at the time the same was executed by him, was not authorized to bind this defendant ; that said note was in fact executed by said Locke two or three weeks after the same purports to have been executed, and was given and executed as aforesaid without any consideration moving from plaintiff to defendant." Issue was joined on all of these pleas.

[Guice v. Thornton.]

On the trial, as appears from the bill of exceptions, the plaintiff read in evidence the note sued on, and then testified as a witness in his own behalf, as follows : "That said note was executed by Wm. H. Locke, for Thornton & Locke, on the day the same bears date, and was given for $2,000 then loaned by plaintiff to said firm ; that said firm was composed of defendant and Mrs. Ann J. Locke, the wife of said Wm. H. Locke ; that said W. H. Locke had previously applied to him (plaintiff) to borrow money on his own account, but plaintiff had always refused ; that he then informed plaintiff that his wife and said defendant were about to form a partnership, and go into the mercantile business in Eufaula, and inquired if plaintiff would lend said money on said firm note ; that he (plaintiff) consented to do so, but, before parting with said money, sought out defendant in Eufaula, and inquired of him whether said Locke had authority to borrow said money on the credit of said firm, and defendant informed him that said Locke did have said authority ; that said Locke also exhibited to him, at the time he went for said money, a power of attorney authorizing him to sign the firm name of Thornton & Locke, and to manage and control the business of said firm just as a partner might do. Plaintiff offered evidence, also, tending to show that said $2,000 was paid by him directly to defendant, who said that said note was all right, and binding on said firm ; and that defendant had, at various other times, promised to pay the same."

" The defendant then testified, as a witness for himself, that he never signed said note, nor authorized any one else to sign said note on the day the same bears date ; that he did form a partnership on that day with Mrs. Ann J. Locke ; that each partner was to put in $2,000 ; that he borrowed $1,000 on his own account, from John McNab in Eufaula, and put it in said business, and put in the other thousand dollars in the fall of that year ; that he received $2,000 from Wm. H. Locke, as his wife's part of the capital in said business ; that said Locke got this money from Guice (plaintiff), and he (witness) did not authorize him to borrow said money on the credit of said firm, or to give a partnership note therefor ; that he (witness) went to New York, taking with him said $3,000, and purchased a stock of goods for said firm ; and that, after his return, he did authorize said W. H Locke to give plaintiff a note in the partnership name for said $2,000, which said Locke had borrowed from plaintiff, and in substitution of said Locke's debt to plaintiff. Being asked, by his attorneys, what he meant by *substitution*, witness explained, that it was agreed between him and said W. H. Locke, for fear the New York creditors of said Locke might attach the goods of the new firm for his debts, said Locke should go to plaintiff, so inform him, and give a firm

note signed by Thornton & Locke; that the matter should stand in this shape, until the danger from this source was over, and then the note so signed was to be given back; that plaintiff was not to release said debt on W. H. Locke, nor in any way change it by this arrangement; that plaintiff agreed to this, and it was accordingly done. Defendant testified, also, that said W. H. Locke, who is now dead, testified, on the former trial of this cause, that he borrowed said $2,000 from plaintiff in his own name, for his wife, without any surety, and plaintiff gave him a check on his bank for the money, on which he received the money in exchange on New York; and that said Locke further testified that, after defendant's return from New York, pursuant to authority and instructions from defendant, he executed to plaintiff the note in the firm name here sued on, but with the understanding between him and plaintiff that the debt was to continue to be the debt of said Locke alone, and that said firm should not be in fact liable to plaintiff for said debt. To this evidence the plaintiff objected, and moved the court to exclude it from the jury, because it varied or changed said written contract; which motion was overruled by the court, and plaintiff excepted. The defendant further testified, also, that he so authorized and instructed said Locke to execute said note in the firm name, because he found out, while in New York, that said Locke was in debt there, and he was afraid that his creditors might attach the goods of Thornton & Locke; and that this information was communicated to plaintiff, who thereupon consented to said arrangement, as above stated. To this testimony, as to the defendant's reasons for authorizing said Locke to execute said note in the firm name, the plaintiff objected, and moved the court to exclude it from the jury;" and he excepted to the overruling of his objection.

The defendant then offered in evidence the articles of partnership between himself and Mrs. Locke, which, as copied in the transcript, were dated April 3d, 1875, were signed by both of said partners, and attested by R. D. Locke and W. H. Patterson as subscribing witnesses. "W. H. Patterson then testified, in behalf of the defendant, that he saw Mrs. Locke sign said articles of partnership, at her home, on or about the day the same bears date, and signed his name thereto as a witness to her signature, and that said J. M. Thornton was not present at that time, nor did witness see him sign said paper. G. L. Comer, another witness for defendant, then testified, that R. D. Locke, the other subscribing witness, was and is a non-resident of Alabama; that he (witness) had seen said Locke write, and knew his handwriting, and that his signature as a witness to said articles of partnership is genuine. Plaintiff moved the court to exclude said paper as evidence, because the execution

thereof was not properly. proved, and because the same was illegal and inadmissible as evidence;" and he duly excepted to the overruling of said motions.

On this evidence, the court gave the following charges to the jury, on the request of the defendant:

"1. If the jury believe, from the evidence in this case, that Mrs. Ann J. Locke and the defendant, on the 3d April, 1875, agreed to enter into a partnership under the name of Thornton & Locke, each to contribute $2,000 as his or her share, and either or each borrowed the money from other parties, then each is liable alone for his share to the person from whom it was borrowed, and no partnership arises until the two said shares are brought together, and mixed up in one common venture; and Thornton is not liable on the note sued on, unless he agreed that Locke should execute the note in the firm name for the purpose of binding said firm. And if the jury further believe, from the evidence, that Thornton only consented that Locke should give said note in the firm name for the purpose of keeping the individual creditors of W. H. Locke from making the goods of Thornton & Locke liable for his debts, and not for the purpose of binding himself or said firm, and plaintiff took said note with knowledge of these facts, then plaintiff can not recover in this action."

(The second charge was in the same language as the first, but omitted the last sentence.)

"3. Before the plaintiff can recover in this action, he must prove to the satisfaction of the jury that the defendant signed the note himself, or authorized W. H. Locke to sign it; and if, from the whole evidence in the case, this question is so uncertain that the jury can not say they are satisfied that the defendant authorized said Locke to sign said note, they must find for the defendant.

"4. In this case, the plaintiff sues on a note, and the defendant pleads, under oath, that he did not sign said note, nor authorize any one else to sign it for him. Under this state of the pleadings, the law says that the plaintiff must satisfy the jury, from the evidence, that the defendant either signed said note himself, or authorized W. H. Locke to sign it for him; and if, from the evidence, the jury are not satisfied that the defendant signed the note, or authorized Locke to sign it for him, then they must find a verdict for the defendant."

The plaintiff excepted to each of these charges, and he now assigns them as error, together with the several rulings on evidence to which, as above stated, he reserved exceptions.

Jno. M. McKleroy, and Pugh & Merrill, for appellant.

[Guice v. Thornton.]

H. R. SHORTER, G. L. COMER, and H. D. CLAYTON, Jr., *contra.*—(1.) W. H. Locke was merely the agent of Thornton & Locke, and plaintiff, dealing with him as such agent, was bound to know the extent of his authority.—*Burks v. Hubbard*, 69 Ala. 379; *Cummins v. Beaumont*, 68 Ala. 204. If the agent, in the execution and delivery of the note, exceeded his authority, the principal was not bound by it; and when sued on the note, he had a right to show the limitation upon the agent's authority.—*Fisher v. Campbell*, 9 Porter, 210; *Cox v. Robinson*, 2 Stew. & P. 91; Wait's Ac. & Defenses, vol. 1, p. 240, § 5. (2.) The pleas assailed the validity of the note, and denied its consideration; and the parol evidence as to the agreement and understanding between Locke and the plaintiff, at the time it was executed and delivered, was admissible on these issues.—*Simonton v. Steele*, 1 Ala. 357; *Murchie v. Cook*, 1 Ala. 41; *Litchfield v. Falconer*, 2 Ala. 280; *Patton v. Gilmer*, 42 Ala. 548; *Newton v. Jackson*, 23 Ala. 335; *McNair v. Cooper*, 4 Ala. 660; *Honeycut v. Strother*, 2 Ala. 135; *Smith v. Brooks*, 18 Geo. 440; 44 Ala. 616, 48; 10 Amer. Rep. 260. (3.) The partnership agreement was relevant and competent evidence under the issues joined, and its execution was properly proved.—*Barringer v. Sneed*, 3 Stew. 201; 1 Brick. Dig. 835, § 742.

SOMERVILLE, J.—Where one partner borrows money, or purchases goods, upon his own individual credit, and afterwards applies such money or goods to the uses of the partnership, the rule is, that the creditor can not, for this reason, have an action against the firm. Such is the rule, at least, where the credit is given exclusively to the partner borrowing the money, or making the purchase, and no part of the credit is extended to the other members of the firm. The question, in such cases, is, to whom was the credit given; and the solution of this question is usually for the determination of the jury.—*Clark v. Taylor & Co.*, 68 Ala. 453; Parsons on Part. 105 *; *Smith v. Durrett*, 2 Am. Dec. 714.

If the plaintiff, in making a loan of the money in controversy, extended no credit to the defendant, Thornton, or to the firm of Thornton & Locke, but only to Mrs. Locke, or Wm. H. Locke, it is obvious that no liability would be created, either against the defendant, or the firm, by the mere fact that the money afterwards went to the uses of the firm.

The foregoing principle is especially important in view of the defense set up in this case, that the note sued on, although it may have been executed by consent of the defendant, was void for want of any valid legal consideration. This defense is based upon the theory, that the loan was originally made to

Mrs. Locke, and exclusively on her credit, and that the note of the partnership was afterwards executed, by defendant's consent, for the same debt, and delivered to the plaintiff, not in satisfaction of Mrs. Locke's debt, but upon certain terms and conditions, which are sought to be proved by oral evidence, and which, it is insisted, destroyed its binding force.

The principal question in the case is raised on the ruling of the court admitting the testimony of the defendant, as to an alleged agreement attending the delivery of the note to the plaintiff, Guice. It is insisted by the appellant, that this oral proof was inadmissible, because it tended to vary the legal effect of a written instrument, by incorporating in it certain terms, conditions and limitations, of which the instrument should be required to speak for itself. On the other hand, it is argued by the appellee, that the testimony in question was competent to show a total absence of consideration in the note.

It is our opinion, that the latter view is correct, and that the evidence was competent to show a want of consideration. It is true that certain portions of this evidence were objectionable, and might have been excluded, if separately objected to, so far as it tended to prove a delivery of the note to the payee, upon the oral understanding that the makers should not be bound. Parol evidence is not admissible, to show the delivery of a note or bond to the payee or obligee as an escrow, to take effect upon a condition. This proof is admissible, only where the delivery is made to a stranger.—*Firemen's Ins. Co. v. McMillan*, 29 Ala. 147. Much less is such evidence admissible, in the absence of fraud or mistake, to show that the instrument was delivered to the payee upon the condition that it was not to have any binding force at all.— *Williams v. Higgins*, 69 Ala. 517.

But the want of consideration may always be proved to destroy the binding efficacy of a written agreement or promise, unless in the case of negotiable instruments in the hands of an innocent purchaser, or of a sealed instrument, which, at common law, although not so now under our statute, was conclusive evidence of a sufficient consideration.

The testimony of the defendant, to which objection was taken, tended to show that the note sued on was not given in satisfaction or payment of Mrs. Locke's previous indebtedness to plaintiff, nor by way of extension of it, nor upon any other consideration. The fear that the creditors of Locke might attach the goods of the partnership for Locke's debts, may have constituted the motive for executing the note in suit, but it obviously constituted no legal consideration for a promise to pay Locke's debts.

The articles of copartnership between the defendant and

[Guice v. Thornton.]

Mrs. Locke were admissible, in proof of the existence of such copartnership, which was one of the issues in the case. It was not competent to prove any of its own recitals, however, as to the special powers or duties of the partners, not bearing upon the execution of the note in controversy. Its scope, as evidence, should have been limited by requesting the proper charges to the jury.

One of the subscribing witnesses to this document being shown to be absent from the State, it was competent to introduce secondary evidence of its execution by proving the handwriting of such absent attesting witness.—*Allred v. Elliott*, 71 Ala. 224; 1 Greenl. Ev. § 572.

The plea of *non est factum*, interposed by the defendant, operated, under our statute, to cast the burden of proof upon the plaintiff, to show the existence of the partnership, and the execution of the note, in the partnership name, by authority of one or more of the partners.—Code, 1876, § 3036. Upon this proof being made by the plaintiff, a *prima facie* liability was established against the partnership, which again shifted the burden of proof on the defendant to establish any defense which was admissible under his pleas.—*Jemison v. Dearing*, 41 Ala. 283.

If the money was originally loaned on the exclusive credit of Mrs. Locke, or of her husband, it would be a fraud on the partnership to execute for such debt the firm obligation, without the consent of the defendant, Thornton, although it was done upon a good and sufficient consideration. And the rule in this country is settled to be, that, where the note of the firm is given, even in discharge of the separate debt of one of the partners, the *onus* is on the holder, or creditor, to repel the presumption of fraud, by showing the consent of the other partners to the transaction.—Story on Part. (7th Ed.), § 133; Parsons on Part. 111 *, *et seq.*

The foregoing rules do not seem to be violated by any of the rulings of the court.

The first and second charges given at the request of the defendant, however, were erroneous in one particular. They both assume it to be true, that no partnership arises, such as would authorize one partner to bind the other by implied authority, unless the assets furnished by each are brought together and mixed up as joint property in one common venture. The rule is, that each partner can lawfully bind the others, within the proper scope of the partnership business, from the commencement of such partnership, which is the date of the agreement to constitute the firm *in præsenti*. If no other time is fixed by the articles, it will be presumed to date from the time of the execution of the instrument, unless this presumption

[Watts v. Eufaula National Bank.]

is rebutted by the terms of the instrument itself.—Story on Part. § 194; Collier on Part. 140; *Williams v. Jones*, 5 B. & C. 108.

For this error, the judgment of the Circuit Court is reversed, and the cause remanded.